FRANCES W. FITCH vs. MARIETTA R. JEFFERSON.

Middlesex. November 24, 1899. — December 16, 1899.

Present: HOLMES, C. J., MORTON, BARKER, HAMMOND, & LORING, JJ.

*Petition to prove Exceptions — Trial — Motion to set aside Verdict —*
*Requests for Rulings.*

As a general rule no inquiry into the merits of a bill of exceptions is open on a petition to prove them, but it is perfectly logical to dismiss such a petition on the ground that there is nothing in the exceptions if they are proved.

The judge presiding at a session of the Superior Court announced that he should require the plaintiff in a case, who was in court, to try his case with another case which had been called for trial. The plaintiff's counsel thereupon having withdrawn from the case, the pleadings were read by the defendant's counsel. There was no exception taken by the plaintiff, and no notice given that he did not regard his case as before the jury. After the pleadings had been read the plaintiff in person asked leave of the judge to become nonsuit, but the defendant's counsel refused his assent, and thereupon the judge ordered a verdict for the defendant, all without exception or any intimation that the plaintiff did not understand his case to be before the jury. *Held,* that there was a trial, and that a motion to set aside the verdict was within Rule 46 of the Superior Court, requiring a motion for a new trial to be filed within three days after the verdict.

PETITION, to establish the truth of exceptions alleged by Frances W. Fitch in an action of tort brought by her against Marietta R. Jefferson, and disallowed by *Sherman,* J., who presided at the trial in the Superior Court.

The bill of exceptions as filed set forth that, when another case was called for trial, the judge ordered the present case to be tried with it; that the plaintiff's counsel, after protesting against the order, withdrew from the case; that as soon as the other case had been opened to the jury, the judge directed the defendant's attorney in the present case, upon the plaintiff's attorney declining to do so, to read the pleadings in the case, which he did; that the trial of the other case thereafter proceeded, and the present plaintiff, being a witness therein, remained in court as a witness and not otherwise; that she was not called to prosecute this case, and no other counsel appeared for her after the withdrawal above stated; that no evidence was offered on either side in the case; that upon the

plaintiff's "leaving the judge's desk after telling him that she desired to become nonsuit rather than have her case tried then without her most important witnesses," the judge said to the defendant's counsel that the plaintiff desired to become non-suit, and asked if he would consent to it; and that the defendant's counsel replied that he would not agree to it, and the judge thereupon directed the jury to return a verdict for the defendant.

Annexed to the petition were two motions "to set aside the verdict," the first, which was filed fourteen days after the verdict was rendered, setting forth, in substance, the facts alleged in the bill of exceptions as the grounds therefor, and the second, which was filed two months later, setting forth the non-arrival of depositions of important witnesses until long after the verdict was rendered, as the ground therefor. At the hearing upon these motions the plaintiff made several requests for rulings. The judge denied the motions, and refused to give the rulings requested; and the plaintiff alleged exceptions. The defendant moved that the plaintiff's petition be dismissed.

*C. Cowley*, for the plaintiff.

*F. N. Wier*, for the defendant.

HOLMES, C. J. As a general rule no inquiry into the merits of a bill of exceptions is open upon a petition to prove them. Ordinarily it is not proper to call upon the court to pass upon a question of law until that question is proved to have arisen in the proceedings sought to be revised. But while it appears to us better to adhere to the rule pretty strictly, the rule is rather one of convenience and propriety than of absolute law. It is perfectly logical to dismiss a petition to prove exceptions on the ground that there is nothing in them if they are proved.

The motion before us perhaps falls in strictness under the general principle which we have laid down, but the form which the argument took before us, and the concessions of the counsel for the petitioner, have reduced the question to a single short point, and a point which, although it goes to the validity of the exceptions, does not touch their contents, or at most touches them only indirectly. It will save expense and time if we dispose of the case now, and, as we have a clear opinion upon the point to which we have referred, we have decided to do so.

The exceptions are to the overruling of two motions styled motions to set aside the verdict, and to the refusal of rulings asked in connection with the second of these motions. The ground of objection is that the motions really were motions for a new trial and came too late, and that the rulings should have been asked at the trial. The rulings need not be set forth. It is enough that they all might have been presented before the verdict was entered. The counsel for the plaintiff conceded that if there had been a trial he had no case. Although we might not have entertained this motion apart from the concession, nothing was admitted by it that was not indisputable law. If these were motions for a new trial they were filed too late, under Rule 46 of the Superior Court. Moreover, the rulings asked were all rulings which should have been asked before the verdict was rendered. *Sullivan* v. *Boston Bar Association,* 170 Mass. 504.

It seems to us that on the face of the exceptions there was a trial within the meaning of the rule of the Superior Court, and of decisions like that just cited. The presiding judge had announced that he should require the plaintiff to try the case with another case which had been called for trial. The plaintiff was in court, as a witness, it may be, but still there. The plaintiff's counsel having withdrawn from the case after the order that the cases should be tried together, the pleadings were read by the defendant's counsel. There was no exception taken by the plaintiff and no notice given that she did not regard her case as before the jury. It is implied by the bill of exceptions that after the pleadings had been read and evidence had been put in in the other case, the plaintiff in person asked leave of the judge to become nonsuit, but that the counsel for the defendant refused his assent, and that thereupon the judge ordered a verdict for the defendant; all without exception or any intimation that the plaintiff did not understand her case to be before the jury. Whether the judge's order was right or wrong, it appears to us too late, days after the verdict was entered, to come before the court on the footing that all that had happened was a nullity. We are of opinion that there was a trial, and that the motions are within the rule of the Superior Court. We are of opinion, also, that, irrespective of what the proceedings in court may be

called, the principle which forbids questions of law which might have been raised at the trial being raised by afterthought upon a motion for a new trial, applies equally to requests for rulings which, if correct, would have prevented the entry of the verdict in this case. The plaintiff had the same standing for an exception at the time of the verdict as afterwards on the motion to set the verdict aside, and could have taken an exception for want of jurisdiction without losing her rights. If she was out of court so that she could not except, she remained out of court at the time of the motion, and her remedy is by a different proceeding. *Petition dismissed.*