COMMONWEALTH *vs.* PASQUALLE VALLARELLI & others.

Suffolk.    October 10, 1930. — November 25, 1930.

Present: RUGG, C.J., CROSBY, PIERCE, SANDERSON, & FIELD, JJ.

*Practice, Criminal*, Examination of defendant by department of mental diseases; Exceptions: allowance and establishment; New trial.

The design of G. L. c. 123, § 100A, as amended by St. 1927, c. 59, is to forward the administration of public justice, not to put into the hands of those charged with crime a new weapon of defence; and failure by the officials mentioned therein to comply with it previous to the trial of an indictment does not invalidate that trial as a matter of law.

Where a petition, to establish the truth of exceptions alleged to have been saved by the petitioner at the hearing of a motion for a new trial of an indictment, contained no allegation to the effect that the trial by order of a judge of the Superior Court was had under the provisions of §§ 33A–33G, added to G. L. c. 278 by St. 1925, c. 279, § 1, and amended by St. 1926, c. 329, §§ 1–6, it *was assumed* by this court in favor of the petitioners that the filing of a bill of exceptions was proper procedure and that the provisions of G. L. c. 278, § 31, in the amended form appearing in St. 1926, c. 329, § 6; and c. 231, § 117, were applicable.

A motion, filed in the Superior Court on March 12, 1930, for a new trial of an indictment upon which a verdict of guilty was returned on March 8, 1929, and the defendant was sentenced on March 13, 1929, was filed within the time allowed by St. 1922, c. 508.

It is good reason for dismissing a petition by the defendant in an indictment for the establishment of exceptions that, even if the truth of the exceptions were established, no question of law of such gravity as properly to call for consideration of this court would be presented.

Four defendants were convicted after trial together upon an indictment and thereafter were sentenced. The day before sentence was imposed, the probation officer notified the clerk that three of the defendants previously had been convicted of a felony. On the same day the clerk notified the department of mental diseases that the three defendants were under indictment and in custody. On the day of sentence the department filed with the clerk a report that the three

defendants were "not suffering from any mental disease or defect which would affect" their "criminal responsibility"; and that the fourth defendant showed sufficient evidence of mental disease to require further observation. The fact of the previous convictions of the three defendants was called to the attention of the trial judge before the imposition of sentence. Neither the probation officer nor the clerk knew of the previous convictions until the day before sentence. There was nothing in the appearance of the fourth defendant at the trial to indicate that he was defective mentally. Nearly a year after sentence, each of the four defendants filed a motion for a new trial on the ground that a failure to comply with G. L. c. 123, § 100A, in the amended form appearing in St. 1927, c. 59, required the granting of a new trial as a matter of law. Following a denial of the motions by the trial judge, the defendants filed a petition in this court for the establishment of exceptions to such denial. *Held*, that

(1) The question of law, so sought to be raised by the three defendants who previously had been convicted of a felony, was one which they might have raised at the trial, since they must be presumed to have known of their convictions; and, therefore, they could not raise that question as of right on a motion for a new trial;

(2) The report of the department of mental diseases concerning the fourth defendant fell far short of indicating that he was of unsound mind when the crime was alleged to have been committed, or when the trial took place, or even at any time thereafter;

(3) There was no presumption of irresponsibility of the fourth defendant for criminal conduct, or of his insanity at the trial;

(4) If the fourth defendant had knowledge at the time of the trial of the previous convictions of the other three defendants, he was not entitled as of right to raise such question of law on the motion for a new trial, because he might have raised it at the trial;

(5) Even if the fourth defendant had no knowledge at the time of the trial of the previous convictions of the three defendants, noncompliance with said § 100A, as amended, did not invalidate the trial as a matter of law;

(6) There was no merit in the exceptions sought to be established, and the petition must be dismissed.

PETITION, filed in this court on August 4, 1930, for the establishment of exceptions alleged to have been saved by the petitioners at the hearing by *Broadhurst*, J., in the Superior Court, of motions for a new trial of an indictment for robbery.

Material allegations by the petitioners and the circumstances of the petition are described in the opinion.

*J. H. Backus*, for the petitioners.

*F. T. Doyle*, Assistant District Attorney, for the Commonwealth.

RUGG, C.J.  This is a petition to establish the truth of exceptions. The relevant facts either stated at the bar or disclosed on the face of the petition are these: Five defendants were tried together upon a joint indictment charging them with robbery and on March 8, 1929, verdicts were returned. The four petitioners were found guilty. A verdict of not guilty was returned against the fifth defendant. No exceptions appear to have been filed with respect to the trial. Each petitioner was sentenced to the State prison on March 13, 1929. The further allegations of the petition in substance are that on February 1, 1930, the four petitioners filed separate motions for a new trial, copies of which are annexed. These several motions, identical in form, were based upon the contention that the defendant was entitled to a new trial as matter of law. The ground alleged was that, although belonging to the class of persons entitled to its benefits, he had been denied the rights secured by a governing statute, St. 1927, c. 59, being the form then in force of the final amendment of § 100A, added to G. L. c. 123. On March 12, 1930, " supplementary motions " for a new trial were filed in behalf of the defendants. Copies of these are annexed to the petition; each is entitled " Motion for a New Trial." One motion was filed in the names of the petitioners Vallarelli, Ventola and Tetula, wherein the ground was stated that it appeared from the report of the department of mental diseases that Polcarri, jointly indicted and tried with them, was of unsound mind and that therefore they had been deprived of a fair trial; another motion was filed by Vallarelli reciting the trial and his earlier motion for a new trial and setting out as a ground for new trial that if it should appear that any of the convicted defendants had been deprived of the benefits of said § 100A and that he had not been so deprived, nevertheless he had been denied a fair trial by being compelled to be associated in the trial with such other defendants and was entitled to a new trial. A motion the same in substance was filed by Ventola. A motion was filed by Angelo Polcarri through

his attorney and next friend setting out that since his sentence a report of the department of mental diseases signed by two physicians appears of record in the case, of this tenor: " The prisoner states that he sees visions and hears imaginary voices. He has had syphilis. In our opinion he shows sufficient evidence of mental disease to require further observation under Section 100 at Bridgewater." This report was filed on March 13, 1929. Additional allegations of the petition are that hearing on all these several motions for new trial was had on June 18, 1930, when the defendants filed requests for rulings, copy of which is annexed to the petition, and that on July 7, 1930, the requests for rulings and the several motions were denied, the judge filing at the same time his findings and rulings, copy of which is annexed. Material parts of these findings are: that throughout the trial and subsequent proceedings the four defendants who are petitioners were represented by one counsel; that another counsel also appeared for the defendants Tetula and Ventola; that a different counsel appeared for the defendant who was acquitted; that after the trial " motions for new trials on the usual grounds " were made by those petitioners and were denied; that the defendants were sentenced on March 13, 1929; and that at a hearing on that day " for the first time it was brought to my attention that defendants Polcarri, Vallarelli and Tetula had each previously been convicted of a felony. The fact was then mentioned by the probation officer and the district attorney for its bearing on the sentence to be imposed. At no time previously, nor then, was any question raised by any defendant as to the possible right of the three previously convicted " defendants to examination before trial under the present indictment, " as provided by St. 1927, c. 59, or as to the validity of trial of any defendant without such examination. On March 12, 1929, the chief probation officer for Suffolk County notified the clerk of the criminal section of this court in Suffolk that defendants Polcarri, Vallarelli and Tetula had previously been convicted of a felony. On the same day the clerk notified

the department of mental diseases " that the same three defendants were under indictment for robbery and were in custody in the common jail in Boston. On March 13, 1929, the department of mental diseases filed with the clerk a separate report as to each defendant. " The reports on the mental condition of the defendants Vallarelli, Ventola and Tetula were identical, and in these words: ' In our opinion the prisoner is not suffering from any mental disease or defect which would affect his criminal responsibility.' " The report on Polcarri's mental condition was in the words set out in his motion for new trial filed on March 12, 1930, and already quoted. " Even if Vallarelli, Ventola and Tetula failed to disclose to their counsel the fact of their previous convictions, I find that neither the chief probation officer nor the clerk had any actual knowledge of it before March 12 [1929]. Neither the district attorney nor I had any notice of the fact until March 13, 1929, when it was mentioned for the purpose above stated. None of the defendants testified, but there was nothing about Polcarri's appearance in the courtroom to indicate that he is, or was mentally defective, if in fact he was. Since neither the probation officer nor the clerk had knowledge until after verdict that three of the defendants had previously been convicted of a felony, I rule that no rights of any defendant under St. 1927, c. 59, were violated by putting him on his trial under the instant indictment. All the defendants were of full age before the crime was committed. Even assuming that Vallarelli, Polcarri, and Tetula were entitled to examination under the statute before trial, the only reason suggested at the hearing before me on the instant motions for new trial why they were not so examined is because they did not disclose to their counsel or to anybody the fact of their previous convictions. . . . Four motions for new trial, one in behalf of each of the defendants, filed February 1, 1930, were waived by counsel at the hearing on the motions filed March 12." The petitioners seasonably filed a bill of exceptions respecting the denial of these motions. Its first sentence is: " Be it remembered that

the exceptions herein were taken at and apply to the trial of the above entitled indictment." The presiding judge returned to the clerk of courts the bill of exceptions on July 16, 1930, with a letter stating that he had not allowed it, "first, because the bill has apparently not been presented to the District Attorney for his approval, and secondly, because it states in the opening sentence that the exceptions were taken at the trial. The exceptions were not taken at the trial, but relate only to my orders and rulings on motions for new trial filed in February and March of this year. Furthermore at the hearing on said motions I understood Mr. Backus to say that the first group of motions filed in February 1930 were waived as those filed in March covered substantially the same ground. The exceptions saved are to be embodied in a proper bill and are fist [*sic*] those to my denying the motions for new trial filed in March 1930 and secondly, those to my denial for requests for rulings presented by the defendants at the hearing on said motions." It is alleged in the petition that this letter is a disallowance of the bill of exceptions.

The petition also alleges that on July 17, 1930, the defendants filed a claim of appeal together with certain assignments of errors. Copies of these are annexed to the petition. No mention of this claim of appeal and assignment of errors is made in the copy of the bill of exceptions annexed to the petition. It is not alleged in the petition that the trial by order of a judge of the Superior Court was had under the provisions of §§ 33A–33G inclusive inserted in G. L. c. 278 by St. 1925, c. 279, § 1, and amended by St. 1926, c. 329, §§ 1–6 inclusive. It is provided by said § 33B that proceedings to which said sections are applicable shall include questions of law arising on motions for a new trial. Therefore, in the absence of any allegations to the effect that the cases were tried under said §§ 33A–33G, it is assumed in favor of the petitioners that the filing of a bill of exceptions was proper procedure and that the provisions of G. L. c. 278, § 31, as finally amended by St. 1926, c. 329, §. 6, and c. 231, § 117,

are applicable. See *Commonwealth* v. *McDonald,* 264 Mass. 324, 334.

This petition came on to be heard on the question whether a commissioner ought to be appointed. We understand the contention of the petitioners to be that the only question of fact to be determined on this petition is whether they waived the motions for new trial filed on February 1, 1930, and relied at the hearing solely on those filed on March 12, 1930. The other findings of fact made by the judge must be accepted as true.

A motion was filed in behalf of the Commonwealth that the petition be dismissed because (1) the facts alleged raise no question of law, (2) the questions of law, if any, arose after trial and sentence, and (3) the exceptions sought to be established are frivolous.

The first ground for dismissal raises the point whether the petitioners have put themselves in a position to file a petition to establish exceptions. The judge in his letter to the clerk states that one reason why he has not allowed the exceptions is that the bill has not been presented to the district attorney for his approval. This cannot be treated as a refusal to allow, or a disallowance of, the bill of exceptions. Its true interpretation appears to be that the bill of exceptions ought to be shown to the district attorney, who under G. L. c. 278, § 31, as finally amended by St. 1926, c. 329, § 6, is entitled to an opportunity to be heard, before the judge should finally pass upon the bill. It was the duty of the judge to pass upon the merits of the bill. *Bath Iron Works, Ltd.* v. *Savage,* 262 Mass. 123, 125. In his letter the judge states, as another reason for not allowing the bill of exceptions, that it is untrue in that it sets forth that the exceptions were taken at the trial, whereas they relate solely to motions for a new trial filed nearly a year after the trial. This statement is correct. The distinction between proceedings incident to a trial and those incident to a motion for new trial is established. St. 1926, c. 329, §§ 2, 6. *Commonwealth* v. *Soderquest,* 183 Mass. 199, 201. *Marsch* v. *Southern New England Railroad,* 235 Mass. 304, 307.

A bill of exceptions can rightly be allowed only when it conforms to the truth. *Harrington* v. *Boston Elevated Railway,* 229 Mass. 421, 431, 432. Whether this, standing alone, would be sufficient ground for disallowing the exceptions, or whether that inaccurate statement should have been stricken out and the rest of the bill allowed if otherwise conformable to the truth, need not be decided. *Moneyweight Scale Co., petitioner,* 225 Mass. 473, 479. The judge states in his letter certain questions of law which he will allow if presented in a proper bill of exceptions. It may be doubtful whether this letter of the judge is a disallowance of the bill, but this point has not been urged by the district attorney, and in favor of the petitioners it is treated as a disallowance.

There is nothing in the second ground for dismissal. The motions for new trial were filed within the time allowed by St. 1922, c. 508. As applied to the facts here disclosed, that was decided in *Commonwealth* v. *Marrelli,* 266 Mass. 113.

The third ground remains. It is good reason for dismissing a petition of this nature that, even if the truth of the exceptions were established, no question of law of such gravity as properly to call for consideration of the court would be presented. *Fitch* v. *Jefferson,* 175 Mass. 56. *Bishop, petitioner,* 208 Mass. 405. *Commonwealth* v. *Kossowan,* 265 Mass. 436, 437 and cases cited.

The entire contention of the petitioners, as shown by their petition and the copies annexed thereto, is that there was failure to comply with the terms of G. L. c. 123, § 100A, as amended by St. 1927, c. 59, and that therefore they are entitled to a new trial as matter of law. So far as here material its words are: " Whenever a person . . . who is known to have been indicted for any' other offense more than once or to have been previously convicted of a felony, is indicted by a grand jury . . . the clerk of the court in which the indictment is returned . . . shall give notice to the department of mental diseases, and the department shall cause such person to be examined with a view to determine his mental condition

and the existence of any mental disease or defect which would affect his criminal responsibility. Whenever the probation officer of such court has in his possession or whenever the inquiry which he is required to make by section eighty-five of chapter two hundred and seventy-six discloses facts which if known to the clerk would require notice as aforesaid, such probation officer shall forthwith communicate the same to the clerk who shall thereupon give such notice unless already given. The department shall file a report of its investigation with the clerk of the court in which the trial is to be held, and the report shall be accessible to the court, the district attorney and to the attorney for the accused. . . . Any clerk of court . . . who wilfully neglects to perform any duty imposed upon him by this section shall be punished by a fine of not more than fifty dollars."

It is manifest that the questions of law here sought to be raised by the three defendants Polcarri, Tetula and Vallarelli, who according to the allegations of the petition are now admitted to have been previously indicted for "any other offense more than once," or to have been previously convicted of a felony, might have been raised by them at the trial. Each of these petitioners must be presumed to have known of his own previous experiences of this character. Questions of law which could have been, but were not, raised at the trial cannot be raised as of right on a motion for a new trial. *Commonwealth* v. *Morrison,* 134 Mass. 189. *Commonwealth* v. *Dascalakis,* 246 Mass. 12, 24. *Commonwealth* v. *Clifford,* 254 Mass. 390, 393. *Commonwealth* v. *Cero,* 264 Mass. 264, 275. *Energy Electric Co., petitioner,* 262 Mass. 534, 538.

The report of the department of mental diseases concerning Polcarri falls far short of indicating that he was of unsound mind when the crime was alleged to have been committed, or when the trial took place, or even at any time thereafter. It simply indicates that several days after the termination of the trial he showed, in the opinion of two physicians, sufficient evidence of mental disease to

require further observation. Disclosures made by further observations, if any, are not set forth. The motions for new trial were filed almost a year after the date of the report and add nothing to that early report. No presumption can be indulged in favor of irresponsibility of Polcarri for criminal conduct, or of his insanity at the trial. There is therefore nothing to support the contention of irregularity. *Commonwealth* v. *Devereaux,* 257 Mass. 391.

There is no allegation in the petition that Ventola did not know, at the time he was put upon his trial, that the other three defendants also found guilty had been previously indicted for any other offence more than once, or had been previously convicted of a felony. If he had such knowledge, he cannot now raise the question of law here sought to be raised, because he might have raised it at the trial. If it be assumed in his favor that he was ignorant of those facts at his trial, it is plain that noncompliance with the provisions of said § 100A as amended does not invalidate the trial as matter of law. The terms of that section convey no such intimation. It is an important statutory provision, but its design is to forward the administration of public justice, not to put into the hands of those charged with crime a new weapon of defence. See *Commonwealth* v. *Spencer,* 212 Mass. 438. There is express finding by the judge to the effect that the probation officer and clerk were ignorant until after verdict of facts which rendered said § 100A applicable to any of the defendants. Plainly, the requests for rulings were denied rightly and there was no error of law in the denial of the motions for new trial. The case is covered in principle by numerous decisions. *Commonwealth* v. *Devereaux,* 257 Mass. 391. *Commonwealth* v. *Kossowan,* 265 Mass. 436. *Commonwealth* v. *Wilkins,* 243 Mass. 356. *Lebowitch, petitioner,* 235 Mass. 357. *Cheney* v. *Coughlin,* 201 Mass. 204, 211, 212. *Commonwealth* v. *Rogers,* 181 Mass. 184, 191, 192. *Ashley* v. *Three Justices of Superior Court,* 228 Mass. 63, 69, 70.

Every assumption as to form has been made in favor of the petitioners. It is clear that there is no merit in the exceptions alleged in the petition.

*Petition dismissed.*