LILLIAN I. SQUIRES *vs.* PATRICK J. TOYE.

Middlesex.    June 24, 1935. — June 26, 1935.

Present: RUGG, C.J., PIERCE, FIELD, LUMMUS, & QUA, JJ.

*Practice, Civil,* Appellate division: petition to establish report, appeal; Requests, rulings and instructions; New trial.

An appeal from the mere denial by an appellate division of a petition to establish a report from a district court, without the facts stated therein having been established, presents no question of law to this court.

A question of law which might have been but was not raised at the trial on the merits cannot be raised as of right on motion for a new trial.

The disposition of a motion for a new trial is within the discretion of the judge hearing it.

TORT. Writ in the District Court of Newton dated June 5, 1933.

The action was heard in the District Court by *Weston,* J., who found for the plaintiff in the sum of $185. Further proceedings are described in the opinion.

The case was submitted on briefs.

*C. Toye,* for the defendant.

*V. Mason,* for the plaintiff.

RUGG, C.J. This is an appeal from an order of the Appellate Division of the District Courts whereby a petition to establish report was denied. The alleged facts set out in the draft report have not been established by the Appellate Division. The case might be disposed of on the ground that there is nothing before us. *Sawsik* v. *Ciborowski,* 256 Mass. 583. *Patterson* v. *Ciborowski,* 277 Mass. 260, 266. Rule 30 of the District Courts (1932).

If the case be considered as the parties have argued it, the same result is reached. The trial judge filed a disallowance in writing of the draft report; from that it appears that this was an action of tort for the conversion of a fur coat; the case was tried at length, and at the close of the evidence no requests for rulings were filed by either side,

and no question of law was raised; there was a finding for the plaintiff. Thereafter the defendant filed a motion for a new trial and at the same time filed requests for rulings of law. The motion was denied. The requests for rulings were refused on the ground that questions of law should be raised at the trial on the merits. There was no error in this. Questions of law which might have been but were not raised at the trial on the merits cannot be raised as of right on a motion for a new trial. *Energy Electric Co., petitioner*, 262 Mass. 534.

There was no error in the denial of the motion for a new trial. The disposition of such a motion rests in sound judicial discretion. There was no error in the denial of the requests for rulings. The trial judge did not elect to deal with them on their merits. There is no merit in any of the contentions presented by the defendant. *Commonwealth* v. *McKnight*, 289 Mass. 530, 543, 544, and cases cited. *Skudris* v. *Williams*, 287 Mass. 568, 570–571.

*Order denying petition to establish report affirmed.*