Pettingell, J.
After the oral argument before this Division on the report, and before the Division had reached a decision on the report, the plaintiff filed two motions, one of which is to amend the motion previously filed to admit, as party plaintiff, Helen Feuerstein, the administratrix of the Estate of Samuel Feuerstein, duly appointed in New Hampshire, by adding to that motion a statement that the said Helen Feuerstein was also duly appointed administratrix in Massachusetts.
The other motion is for the recommital of the report to the District Court to enable the trial judge to receive evi *369 dence of the appointment in Massachusetts of the said administratrix and of her authorization of the bringing of the action.
If the motions are allowed and the facts are established as alleged, the chronology of the events in this case will be as follows: the plaintiff died April 2,1936; the administratrix was appointed in New Hampshire, April 16, 1936; the action was begun, June 5,1936; and the administratrix was appointed in Massachusetts, July 16,1936.
Upon these facts then there would be presented the identical issue which already has been argued before this Division on the report as it now stands. The allowance of the amendments would add nothing to that issue and in no way would change it.
The first question is whether the appointment in Massachusetts of an administratrix, after the action was brought, relates back and corrects the defect resulting from the bringing of the action in the name of a plaintiff who had died before the writ issued. Brooks v. Boston & Northern Street Railway Co., 211 Mass. 277, is final authority against the plaintiff on this point. Such an action has no legal existence when begun and cannot be given life by the subsequent appointment of the administrator. Lewis v. Austin, 144 Mass. 383, is not in conflict with Brooks v. Boston & Northern Street Railway Co., for the reasons specifically pointed out in the latter case.
The next question is whether the situation is in any way affected by the fact that at the time when the action was begun there was a duly appointed administratrix in New Hampshire.
This issue is discussed in detail in the opinion to be filed in this case, as the opinion of this Division, disposing of the report allowed by the trial judge. Briefly summarized, that opinion is to the effect that the administratrix ap *370 pointed in New Hampshire has no standing whatever in Massachusetts and as such cannot bring an action at law in this Commonwealth. Goodwin v. Jones, 3 Mass. 514, at 518, 530; Borden v. Borden, 5 Mass. 67 at 77; Pond v. Makepeace, 2 Metc. 114; Gallup v. Gallup, 11 Metc. 445, at 447; Cassidy v. Shimmin, 122 Mass. 406, at 412; Brown v. Boston & Maine Railroad, 283 Mass. 192, at 195. The existence of the New Hampshire administration at the time the action was brought can in no way benefit the plaintiff.
If, therefore, the plaintiff is not aided by either of the probate appointments upon which she relies, that of the New Hampshire administratrix before the beginning of the action, or that of the Massachusetts administratrix after the action was begun, it is futile to allow the motions now under consideration. They are therefore denied. Fitch v. Jefferson, 175 Mass. 56; Bishop, petr., 208 Mass. 405, at 407; Koch, petr., 225 Mass. 148, at 150; Commonwealth v. Vallarelli, 273 Mass. 240, at 247.