HENRY L. SAWYER COMPANY *vs.* S. K. BOYAJIAN.

Worcester. September 27, 1937. — October 4, 1937.

Present: RUGG, C.J., FIELD, DONAHUE, & QUA, JJ.

*Practice, Civil,* New trial; Requests, rulings and instructions; Appellate Division: petition to establish report.

A petition to an appellate division to establish a report of the denial of a motion for a new trial based on alleged newly discovered evidence, and of the trial judge's refusal to consider requests for rulings respecting the motion, presented no real question of law and properly was denied.

CONTRACT. Writ in the Central District Court of Worcester dated April 5, 1935.

The Appellate Division for the Western District denied a petition by the defendant for the establishment of a report. The defendant appealed.

The case was submitted on briefs.

*S. K. Boyajian, pro se.*

*A. Brooks,* for the plaintiff.

BY THE COURT. This is an appeal from the decision of an appellate division of the district courts. That decision denied the petition of the defendant to establish a report,

filed by him when his claim for a report touching the denial of his motion for a new trial based on newly discovered evidence was disallowed.      It is assumed without deciding that appeal lies.   The defendant filed requests for rulings at the hearing upon the motion, which the trial judge refused to grant or consider.   The trial judge denied the motion.   He disallowed the claim for a report because he stated that he found that the defendant was not entitled to a report, "the motion for new trial having been denied in the discretion of the Court."

The case was before this court in 296 Mass. 215.   It there appears that the action is in contract on a promissory note. The newly discovered evidence alleged in the motion was mainly a letter written by the treasurer of the plaintiff to the defendant concerning the note.   The relevancy of the letter to the issues on the main trial is not very apparent.   If it be assumed that it would have been competent if presented at the original trial, that is not decisive.   The record is bare on essential points.   A motion for a new trial on newly discovered evidence is addressed to the sound judicial discretion of the trial judge.   *Manzigian* v. *Boyajian,* 183 Mass. 125.   *Miller* v. *Flash Chemical Co.* 230 Mass. 419, 423.   *Davis* v. *Boston Elevated Railway,* 235 Mass. 482, 496.   *Skudris* v. *Williams,* 287 Mass. 568, 572.   The refusal of the trial judge to examine or consider the requests for rulings of law is not shown on this record to have been an abuse of discretion.   There is no authentication of facts appearing at the original trial to indicate that the newly discovered evidence would be likely to cause a different result if there should be a new trial.   Even if such evidence would justify a different decision, a motion for a new trial may be refused rightly.   *Powers* v. *Bergman,* 210 Mass. 346.   The evidence may have been so clear in favor of the plaintiff on the merits as to render futile a new trial.

The record fails to reveal any substantive question of law.   Mere presentation of requests for rulings does not necessarily raise a genuine question of law.   Where no real question of law appears on the face of the papers, it is

proper to dismiss the proceeding. *Bishop, petitioner,* 208 Mass. 405, 407. *Reynolds, petitioner,* 253 Mass. 427. *Commonwealth* v. *Kossowan,* 265 Mass. 436, 437.

There was no error in the decision of the Appellate Division.

*Order of Appellate Division denying
petition affirmed.*

---

MEMORANDUM.

On October 8, 1937, the Honorable ARTHUR WALTER DOLAN, a Judge of the Probate Court for the county of Suffolk, was appointed a Justice of this court; and on that day he first sat with the court at the sitting in Boston.