# RESCRIPTS WITHOUT OPINIONS.

Pursuant to the requirements of G. L. (Ter. Ed.) c. 211, § 9, the Reporter publishes the following:

AGNES A. McCAULEY, petitioner to establish the truth of exceptions in the case of John E. Savage, Jr., administrator, vs. Agnes A. McCauley. March 2, 1939. Petition dismissed. The appeals in the case of John E. Savage, Jr., administrator, vs. Agnes A. McCauley having been dismissed, no substantial question of law is sought to be raised under the bill of exceptions.

B. Goldman, for the petitioner.
T. F. Quinn, (D. J. Kelly with him,) for the respondent.

JAMA A. WHITE, petitioner to establish the truth of exceptions. October 4, 1939. Petition dismissed. A petition to establish the truth of exceptions must be denied when, "even if the truth of the exceptions were established, no question of law of such gravity as properly to call for consideration of the court would be presented." Commonwealth v. Vallarelli, 273 Mass. 240, 247. The only exception set forth in the bill of exceptions annexed to the petition is an exception to the denial of a motion for a new trial on the ground of newly discovered evidence. Such a motion is addressed to the sound judicial discretion of the trial judge, and his action in denying such a motion will not be reversed unless abuse of such discretion appears. Henry L. Sawyer Co. v. Boyajian, 298 Mass. 415. Clearly no abuse of discretion would be shown even if the truth of the exceptions were established. Powers v. Bergman, 210 Mass. 346. Henry L. Sawyer Co. v. Boyajian, 298 Mass. 415. The bill of exceptions, therefore, fails to reveal any question of law calling for the consideration of the court, and the petition must be dismissed.

J. A. White, pro se.

HOWARD M. GORDON vs. JOHN V. GREANY et al. October 6, 1939. Orders sustaining demurrers affirmed. The declaration clearly does not state with substantial certainty the substantive facts necessary to constitute a cause of action against either defendant, as required by G. L. (Ter. Ed.) c. 231, § 7, Second. On this ground the demurrers were sustained rightly. See Davis v. H. S. & M. W. Snyder, Inc. 252 Mass. 29, 34–35; Pollock v. New England Telephone & Telegraph Co. 289 Mass. 255, 258. Other grounds of demurrer need not be considered.

H. M. Gordon, pro se.
J. N. Clark, for the defendant Greany, submitted a brief.
G. D. Cummings & J. M. Carroll, for the defendant Connelly, submitted a brief.