ALFRED J. THOMAS *vs.* CHARLES W. MCDERMOTT.  October 11, 1940.  Order denying petitions to establish report affirmed.  A draft report filed by the defendant in this case of rulings alleged to have been made by the trial judge in connection with the trial of the case was disallowed by the trial judge.  So also was a draft report of a denial by the trial judge of a motion for a new trial.  Petitions for the establishment of reports were denied by the Appellate Division, and the petitioner — defendant in the case — appealed to this court.  There was no error in denying these petitions for the reason — if for no other — that neither draft report filed by the petitioner if established would have presented to the Appellate Division any "question of law of such gravity as properly to call for consideration of the court."  See *Commonwealth* v. *Vallarelli*, 273 Mass. 240, 247; *Graustein, petitioner*, 305 Mass. 571.  Compare *Lovell* v. *Lovell*, 276 Mass. 10, 11–12.

*T. B. Shea*, for the defendant.

*K. W. Brown*, for the plaintiff.


ALICE P. CAMERON *vs.* WILLIAM J. CAMERON (Noah M. Gediman, administrator).  November 1, 1940.  Interlocutory decree affirmed.  Final decree affirmed.  This petition was brought in the Superior Court for the modification of a decree of divorce by providing therein for an award of alimony to the petitioner, the libellant in the divorce action.  It was brought after the death of the libellee, whose administrator *de bonis non* was summoned to answer.  Proceedings resulting in an interlocutory decree and in a final decree dismissing the petition need not be recited.  From each of these decrees the petitioner appealed.  There was no error.  The petition cannot be maintained since there is no nonstatutory right to alimony, and the statutes relating thereto "contemplate proceedings . . . between living parties and the making of orders to operate prospectively in accordance with the existing financial condition of the parties . . . [and] do not justify orders or judgments made after the death of a necessary party, operating retroactively."  *Gediman* v. *Cameron*, 306 Mass. 138, 140–141.

*W. B. Perry, Jr.*, for the petitioner.

*N. M. Gediman*, for the administrator.


ESTHER L. WILLIAMS & another *vs.* ALEXANDER K. WILLIAMS (estate of Kate S. Williams).  November 8, 1940.  Decree affirmed.  This is an appeal from a decree of the Probate Court in the matter of the alleged will of Kate S. Williams, late of Boston, denying a motion by the contestant for the framing of issues for trial by jury.  Upon consideration of the statements of expected evidence — which need not be recited — in the light of the established principles of law governing the framing of such issues and review on appeal after action of the Probate Court on motions for the framing of such issues — which have been frequently stated and need not be restated — we conclude that there was no error in the denial of this motion.  See *Hannon* v. *Gorman*, 296 Mass. 437.

*M. E. Goldberg*, for the contestant, submitted a brief.

*E. L. Twomey, (A. M. Chandler* with him,) for the petitioners.