No. 3004        Northern        Middlesex, ss.
TOTINO             (Joseph A. DeGuglielmo)
v. BOSTON ELEVATED RY. CO.
                (M. P. Spillane, J. R. Kewer)
From the First District Court of Eastern Middlesex—Stone, J.
Argued November 10, 1941—Opinion Filed December 15, 1941

JONES, P.J. (Sullivan, J. & Pettingell, J.)—This is an action of tort, in which plaintiff seeks damages for personal injuries sustained while a passenger in a bus, owned and operated by the defendant, a common carrier.

There was evidence at the trial tending to show injuries as a result of defendant's negligence, and that the plaintiff, as a result of the accident, sustained a fractured bone in her toe and a sprained ankle; that she lost the use of her leg for walking purposes for a period of one month; that she suffered great pain over a period of six weeks; that at the time of her injuries she was working in Schrafft's Candy Factory and earning an average of twenty-six dollars per week; that when she returned to work, still affected by injuries caused by the accident, her earning capacity was reduced to between twenty-two and twenty-three dollars per week.

The case went to the trial judge without any requests for rulings being filed, and a finding was made for plaintiff in the sum of two hundred dollars.

Thereupon, the plaintiff made a motion for a new trial, based upon two grounds,—

1. That the determination of the amount of damages found therein is against the weight of the evidence.

2. That the award of damages in the amount of two hundred dollars is inadequate.
and asking that a new trial be granted on the question of damages only.

In support of this motion, the plaintiff filed an affidavit assigning substantially all matters appearing in the evidence. In addition was the statement that there was an allegation that she had medical bills to the amount of forty-five dollars incurred as a result of this accident. This affidavit, however, in no wise can be considered as raising any issue not concluded by the trial.

There is no claim set forth in the motion or affidavit that the evidence regarding medical bills was newly discovered evidence. There was no evidence that it was a matter of which the plaintiff had no knowledge before the trial, and it is hardly

[ 166 ]

conceivable that she did not know the amount of this bill at the time of the trial, and that it could have been placed in evidence by the plaintiff at that time, if proper care and consideration had been given to the presentation of plaintiff's evidence in this case. We do not find that the judge committed any error by the denial of the motion. It was hardly within his judicial discretion. *Sawyer* v. *Boyajian,* 298 Mass. 415, 416. He may have decided that the bill would in no way change his original decision, *Sawyer* v. *Boyajian, supra,* and as no requests for rulings were made, no question of law was raised, by the Court's decision. *Richards* v. *Appley,* 187 Mass. 521.

And it is also true that the question of law which the plaintiff raised at the trial, or which was open to her to raise, cannot upon a motion for a new trial be brought by appeal to this division. *Squires* v. *Tove,* 291 Mass. 342.

And in *Skudris* v. *Williams,* 287 Mass. 568, the ruling is laid down at p. 570, by Mr. C. J. Rugg, that,—"when no ruling of law is requested or made touching a motion for a new trial, its disposition rests in sound judicial discretion" and again, in the latter case, the Court reaffirmed the rule that "The disposition of the motion based on newly discovered evidence likewise rested in sound judicial discretion," citing *Matter of Sleeper,* 251 Mass. 6, 22 and *O'Neil* v. *Small,* 268 Mass. 305.

Finding no prejudicial error, the report is dismissed.