NEW ENGLAND TRANSPORTATION COMPANY & another,
petitioners.

Worcester.   September 23, 1946. — November 1, 1946.

Present: FIELD, C.J., LUMMUS, QUA, RONAN, & WILKINS, JJ.

*Practice, Civil,* Exceptions: allowance and establishment.   *Evidence,*
Relevancy and materiality.

At the trial of an action for personal injuries sustained in an automobile
accident by one formerly in the service of the United States navy, the
judge, in the exercise of his discretion, to show the health and strength
of the plaintiff at the time of the accident and to meet any possible
contention that the plaintiff's condition after the accident was the
result of his naval service, properly admitted testimony by the plain-
tiff that he was in battle three times during his service in the navy,
that he was able to handle heavy projectiles as required in battle and
to do other hard labor, and that, although he was wounded in the
shoulder and had to swim when his ship was sunk, he had fully recov-
ered before the accident.

A petition to establish a bill of exceptions was dismissed where the only
exception shown in the bill was without merit.

PETITION, filed in this court on July 19, 1946, for the
establishment of exceptions alleged to have been saved at
the trial of actions against the petitioners by Peter Iarusso
and Roland Lippe.

*J. J. Whittlesey,* for the petitioners.

*F. P. Ryan,* for the respondents.

LUMMUS, J.   Verdicts against the petitioners, then de-
fendants, were returned on March 26, 1945.   On June 6,
1945, within the required time as extended, they filed a bill
of exceptions which has never been allowed.   On April 13,
1946, the judge granted them leave to file a substitute bill
of exceptions.   No substitute bill was then on file and none
was presented to the judge, but the petitioners filed what
they denominated a substitute bill of exceptions on April
17, 1946.   The action of the judge on April 13, 1946, did not
effect a substitution of the new bill of exceptions for the one
originally filed, either on that day or later upon the filing of

the so called substitute bill of exceptions. That action was no more than an expression of intention to exercise judicial discretion in favor of the substitution of a new bill of exceptions if, when presented, it should appear to be proper in form and substance. *Massachusetts Gasoline & Oil Co.* v. *Go-Gas Co.* 267 Mass. 122, 126. *Kaufman* v. *Buckley*, 285 Mass. 83, 86. *Cummings* v. *Tolman*, 292 Mass. 58, 62. *Elfman* v. *Glaser*, 313 Mass. 370, 374. See also *Graustein, petitioner*, 304 Mass. 679. But we assume without deciding that when the judge, on July 12, 1946, after hearing, disallowed the so called substitute bill of exceptions as not conformable to the truth (G. L. [Ter. Ed.] c. 231, § 113, as amended by St. 1945, c. 328), instead of refusing to permit the proposed amendment substituting that bill of exceptions, or striking that bill of exceptions from the files, he recognized that bill of exceptions as having been substituted by amendment for the one originally filed. *Krinsky* v. *Stevens Coal Sales Co. Inc.* 309 Mass. 528, 532, 533. Upon that assumption, we proceed to consider the substitute bill of exceptions.

The several verdicts obtained by the two plaintiffs were for bodily injuries sustained in an automobile collision. One plaintiff, named Iarusso, was permitted to testify, over the exception of the defendants, that he was in battle three times during his service in the navy, that he was able to handle heavy projectiles as required in battle and to do other hard labor, and that, although he was wounded in the shoulder and had to swim when his ship was sunk, he had fully recovered before the automobile accident. The exception to the admission of that evidence is the only exception presented by the substitute bill of exceptions. We think it clear that there was no error in admitting that evidence. It was admissible in the discretion of the trial judge to show the strength and health of Iarusso at the time of the accident, and to meet any possible contention that his condition afterwards was the result of his naval service. Where obviously there is no merit in the bill of exceptions the truth of which the petition seeks to establish, this court is not required to establish the bill only to overrule the

exceptions later. *Fitch* v. *Jefferson,* 175 Mass. 56. *Bullock, petitioner,* 254 Mass. 14, 17. *Commonwealth* v. *Vallarelli,* 273 Mass. 240, 247. *Lynch, petitioner,* 296 Mass. 598.

The petition does not seek to establish the truth of the bill of exceptions in the form in which it was originally filed. If the petition had done so, it would be defective because lacking the affidavit of the truth of the allegations contained in the bill of exceptions in that form, required by Rule 6 for the Regulation of Practice before the Full Court (252 Mass. 587), adopted pursuant to G. L. (Ter. Ed.) c. 231, § 117. *Graustein, petitioner,* 304 Mass. 679. *Graustein, petitioner,* 305 Mass. 568.

*Petition dismissed.*