Keniston, G. J.
This is a petition to establish a report. The claim of report was disallowed, the trial judge “being of the opinion that there was no question of law presented or preserved at the trial and reportable by me and that it was too late for the defendant to raise questions of law suggested for the first time when this motion for a new trial was argued.”
It appears from the draft report and from the certificate of the trial judge disallowing the claim of report that no request for rulings were filed at the trial on the merits and that after the finding the defendant filed a motion for a new trial. Any objections to the hearing of the motion for a new trial because of failure to seasonably request a hearing in compliance with paragraph four of rule 27 of this' court or because of the failure to seasonably file requests for rulings upon the motion for a new trial prior to argument appear to have been waived. See rule 28.
The defendant filed five requests for rulings at the hearing upon its motion for a new trial all of which were denied *329 by the trial judge ‘1 on the ground that the questions of law should have been raised at the trial on the merits.”
There seems to be no doubt that the last four requests raised only questions of law that should have been raised at the trial and we understand from the oral argument that the defendant does not now contend that these requests were not properly denied for that reason. Squires v. Toye, 291 Mass. 342.
• The defendant, however, does contend that its first and remaining request, namely that “The damages awarded are excessive as a matter of law” does raise a question of law and should not have been denied.
While appropriate requests for rulings of law relating to the subject of damages can be presented at a trial on the merits, a request for a ruling that the damages awarded are excessive as a matter of law can hardly be filed prior to the finding after trial. However, the amount of damages awarded involves a finding of fact and is not reviewable as such as it is directed to the sound discretion of the trial judge and the only question of law involved by such a request is whether there has been an abuse of judicial discretion, that “to permit it to stand was an abuse of discretion on the part of the trial judge amounting to an error of law. ’ ’ Bartley v. Phillips, 317 Mass. 35, 43 and cases cited. “An * abuse of discretion’ consists of judicial action that no conscientious judge acting intelligently could honestly have made.” Bartley v. Phillips, supra at page 43 and cases cited.
The draft report was denied on the ground that no question of law was presented and not upon the ground that the evidence set forth therein did not conform to the facts. See rule 30. Assuming, therefore, that in deciding whether the draft report, which the defendant seeks to have established, raises a question of law as it stands, without investí *330 gation to determine that the report is conformable to the facts, we are limited by the statements of the evidence relative to damages as set forth, and that such evidence is the most favorable evidence presented at the trial for the plaintiff relative to her damages, we still do not feel that the amount of damages awarded of $18,136.31 can be said to be so unconscionable “that no judge acting intelligently could honestly” have awarded that amount.
The plaintiff, a woman 85 years of age, received a fracture of the right hip involving the upper part of the femur and the trochantic processes; the fracture while closed after setting left the plaintiff with a shortening of the leg less than one inch in length, the trochantic processes were not brought back into position and remained separated from the femur. The accident occurred May 15, 1945, the fracture was put in traction May 28th while the plaintiff was in the hospital to which she was taken following the accident and thereafter remained in the hospital for approximately five months or until October 26 under the care of two physicians, she gradually improved and had crutches and after she got up had pains in her leg and knee. After she left the hospital she went to a convalescent home where she remained for about seven months when she returned home, a total period including her stay in the hospital of over a year. She now has a lift on the inside of her shoe to lift up her heel, is still lame and her knee bothers her about walking. She incurred hospital, doctors’, nursing and other medical expenses amounting to $3467.31.
As, in our opinion, there has been no abuse of judicial discretion, no question of law is presented by the draft report and the claim of report was properly disallowed. Squires v. Toye, supra. Skudris v. Williams, 287 Mass. 568, 570-571. Henry L. Sawyer Co. v. Boyajian, 298 Mass. 415. Petition denied.