McGuane, J.
Walsh, J.
Greenberg, J.

William HOUGH
vs.
John SORBELLO

No. 245

District Court Department
Appellate Division, Southern District
Trial Court of the
Commonwealth of Massachusetts

**January 22, 1981**

Maurice E. McLoughlin, Jr. for the plaintiff.

Richard Kelly III, for the defendant.

Present: Lee, P.J., Rider, J., and Staff, J.

## OPINION

**LEE, P.J.** This is the defendant's petition to establish a report in a civil action sounding in contract in which the plaintiff seeks to recover money allegedly owed for certain work performed in the designing and building of a fiberglass mold for the defendant's sports car.

The defendant answered, denying each allegation, and counterclaimed, alleging damages for repairs and loss of earnings.

At the trial certain evidence was accepted by the court in regard to labor and materials in reaching its decision as to damages suffered by the plaintiff, in addition to other relevant testimony introduced by the plaintiff to sustain his burden of proof.

The defendant filed requests for findings of fact and conclusions of law which were denied by the court as being requests for findings of fact.

The court found for the plaintiff in the amount of two thousand two hundred ten dollars and two cents ($2,210.02).

The defendant filed a motion for a new trial and/or judgment. The main thrust of the motion was that the trial justice had erred in computing damages, particularly as to the labor costs.

The motion was denied by the court.

From this denial of his motion, the defendant duly filed a request for a report and a report with the court.

The trial justice denied this report (the proper terminology should have been "disallowed" and we so treat it as a disallowance), setting forth his reasons for such disallowance as required by Dist./Mun. Ct. R. Civ. P. 64(5).

These reasons in essence were that certain relevant evidence was not contained in the report and that the calculation of damages by the defendant was not binding upon the court.

The defendant, claiming to be aggrieved by the court's disallowance of his report, seeks to have a petition to establish a report be allowed.

The single issue before this Court is the denial of the defendant's motion for a new trial.

Defendant's petition must be denied since the report which is sought to be established is based on the court's denial of a motion for a new trial, which is within the sound discretion of the trial justice and cannot be reversed unless there is an abuse of that discretion. **Daddario v. Gloucester,** 329 Mass. 297, 301 (1952); **Kinnear v. General Mills, Inc.,** 308 Mass. 344, 348, 349 (1941).

We see no abuse of that discretion that would justify setting aside the court's ruling.

Furthermore, the defendant seeks to have this Court overturn the trial justice's findings of fact.

This Court is confined to a review of questions of law and has no right to review findings of fact made by the trial justice on the evidence. G.L. c. 231, § 108. **Butler v. Cromartie,** 339 Mass. 4, 6 (1959); **Perry v. Hanover,** 314 Mass. 167, 169 (1943).

The petition must also be denied for the reason that, in order to preserve the right to review questions of law, there must be requests for rulings of law. **Sreda v. Kessel,** 310 Mass. 588, 589 (1942); **Reid v. Doherty** 273 Mass. 388, 389 (1930).

There were no requests for rulings of law filed with the motion for a new trial.

Finally the petition to establish a report must fail because, even if it were established, it would present no substantive

question of law to be reviewed. **Henry L. Sawyer Co. v. Boyajian**, 298 Mass. 415, 416, 417 (1937).

The petition to establish a report is denied.

Lee, P.J.
Rider, J.
Staff, J.