EDWARD M. ANDERSON, individually and as trustee, *vs.*
MILTON B. GOODMAN.

Suffolk.   November 10, 1960. — February 3, 1961.

Present: WILKINS, C.J., SPALDING, WILLIAMS, WHITTEMORE,
& CUTTER, JJ.

*Practice, Civil,* Vacation of judgment; Appeal; Exceptions: exception to
decision; Requests, rulings and instructions.

In a proceeding brought in a Municipal Court pursuant to G. L. c. 250,
§ 15, to vacate a judgment entered in that court against the petitioner,
an appeal lay from the decision of the Municipal Court to the Superior
Court, wherein the proceeding, under c. 231, § 97, would be "tried and
determined as if originally commenced there."   [705]

No question of law was raised in a proceeding to vacate a judgment by
an exception taken by the respondent to "the finding" allowing the
petition.   [705]

In a proceeding to vacate a judgment entered against the petitioner in an
action, a finding that the petitioner had a meritorious defence to the
action was warranted by allegations in the respondent's answer respect-
ing a certain pending suit in equity by the petitioner against the re-
spondent and others.   [705–706]

The meritorious defence to an action required to be shown in support of
a petition by the defendant therein to vacate a judgment against him
must be a defence worthy of trial but need not be one certain of
success.   [706]

It was proper in a proceeding heard without jury to refuse a request for
ruling assuming facts which the judge would not have been warranted
in finding.   [706–707]

"Ignorance" of the defendant in an action in failing to appear at the trial
thereof would not as a matter of law bar a subsequent petition by him
to vacate a judgment entered against him in the action.   [707]

On the record of the hearing of a proceeding to vacate a judgment entered
against the petitioner as defendant in an action on a note, remarks made
by the judge, when inquiry was made as to the amount due on the note,
to the effect that he was not concerned with that matter as he was "not
hearing . . . the merits in the original case" did not constitute a ruling
that the petitioner need not show that he had a meritorious defence to
the action and did not disclose error.   [707–708]

PETITION filed in the Municipal Court of the City of Bos-
ton on May 21, 1957.

Upon appeal to the Superior Court the case was heard by *Wisnioski*, J.

*Israel Bernstein,* for the respondent.

*Walter N. Kernan,* for the petitioner.

WILKINS, C.J.   This is a petition to vacate a judgment entered in the Municipal Court of the City of Boston in an action of contract for the balance due on a promissory note against the petitioner, individually and as trustee. In the Municipal Court the petition was denied, and the petitioner appealed to the Superior Court.

A petition to vacate judgment must be brought in the court in which was entered the judgment sought to be vacated. G. L. (Ter. Ed.) c. 250, § 15. As the present petition was filed in the Municipal Court of the City of Boston by requirement of statute, the present appeal lay to the Superior Court. *Hopkinton* v. *B. F. Sturtevant Co.* 285 Mass. 272, 275. See *Lynn Gas & Elec. Co.* v. *Creditors Natl. Clearing House,* 235 Mass. 114, 115. The case was to "be there tried and determined as if originally commenced there." G. L. (Ter. Ed.) c. 231, § 97.

In the Superior Court the following order was entered: "After hearing petition allowed. Judgment vacated, default removed upon the filing of a sufficient surety company bond in the sum of one hundred dollars . . . within ten days." The judge denied six requests for rulings of the respondent. The respondent filed a claim of exceptions stating that he "excepts to the finding of the court entered on April 13, 1959, allowing the petition to vacate judgment and removing the default upon the filing of sufficient surety bond in the sum of $100 within ten days." He also excepted to the denial of his requests.

The exception to the finding raises no question of law. See *Fox* v. *Bottomly, ante,* page 701. The granting of the petition "rests largely although not exclusively in the sound discretion of the court." *Russell* v. *Foley,* 278 Mass. 145, 148, and cases cited. There was sufficient evidence to satisfy the requirement that the petitioner must have a meritorious defence worthy of a trial in court. *Herlihy* v. *Kane,*

310 Mass. 457, 460. The judge could have based such a finding upon the pendency of a suit in equity in the Superior Court brought by the petitioner against the respondent, Ward Rayfield, and others involving the subject matter of the case at bar, in which an injunction was issued and outstanding. The judge needed to look no further than the respondent's answer filed in the Superior Court on July 7, 1958, where he alleged "that levy was made on the real estate attachments, but sale was continued because the petitioner brought a bill in equity alleging to the equity court that he could not defend this action in the law court or get the law court to give him any relief as the law court was barred by G. L. c. 231, § 31, petitioner making election to defend in equity court, and as a result his only defence, if any, would be in equity court. That the equity court took jurisdiction and issued a restraining order allowing levy to be made in [*sic*] the execution, but suspended sale of said parcels until the bill in equity be decided in said court."

Much of the argument in the respondent's brief is too sketchy to deserve more than brief disposition. He argues only two requests by number. The first request[1] resembles a request for a finding of fact. If treated as somehow a request for a ruling of law, it is a request for a ruling contrary to what we have hereinbefore said, and could not have been granted. The second request,[2] by way of contrast with the first, seems to ask a ruling that the defence to the original action must be certain of success. *Hyde Park Sav. Bank* v. *Davankoskas,* 298 Mass. 421, 422. Compare *Mellet* v. *Swan,* 269 Mass. 173, 177.

The third and fifth requests to the effect that the judge would not be warranted in finding that the petitioner had a good defence or any defence, respectively, present no new question. The fourth request based in part upon "Ignorance of the petitioner or his counsel in failing to appear at the trial of the original action" assumes facts which the

[1] "1. The petitioner has failed to sustain the burden that he had a case of sufficient merit to engage the attention of the court."

[2] "2. The petitioner, in order to secure the vacation of the judgment, must show that he had a good defence to the original action."

judge would not have been warranted in finding. The only testimony was that no notice of marking for trial had been sent the petitioner. Nor is ignorance a bar as matter of law. See *Manzi* v. *Carlson,* 278 Mass. 267, 273–274; *Kravetz* v. *Lipofsky,* 294 Mass. 80, 85. The sixth request is unintelligible, and does not appear to be argued. The requests were all rightly denied.

The only exception as to which the respondent's argument consists of more than one or two sentences relates to an exception to what the respondent contends was a ruling by the judge during the cross-examination of the lawyer who had represented the petitioner in the original action. The colloquy was as follows: "Q. There wasn't any question or issue as to the balance due on the note, the first mortgage note? A. I wouldn't say that. Q. What was the question—as to the amount due on the first mortgage note to the Federal Home Savings and Loan? THE JUDGE: We are not going to try the merits of that first case. I am concerned only with the entry of judgment and the appeal on it. COUNSEL FOR THE RESPONDENT: Your Honor, I want to offer proof that his answer would be that this bank, the Federal Home Owners Loan and Savings Association, had given to Mr. Kaufman and Anderson, who were the defendants— THE JUDGE: You can make your offer of proof. It makes no difference at all, in my final, ultimate judgment on the matter that is before me; and no other matter will be heard here at this time. COUNSEL FOR THE RESPONDENT: This is merely—I want to try to apprise Your Honor—this is merely on the question of the merits of the case. THE JUDGE: I am not hearing the question of the merits in the original case. COUNSEL FOR THE RESPONDENT: Will Your Honor save my rights, my exception? THE JUDGE: You can have all your rights you want to save. Go ahead." The only question asked was the amount due on the note, a matter with which the judge, as we interpret what happened, stated that he was not concerned. He did not make any general ruling when he stated that he was not hearing the merits in the original case (see *Hayes* v. *Penn Mut. Life*

*Ins. Co.* 222 Mass. 382, 385; *Grandell* v. *Short,* 317 Mass. 605, 608), although that would not have been error.   Much less did he make any ruling that the petitioner did not have to show he had a meritorious defence.

*Exceptions overruled.*