*Municipal Court of the City of Boston*

No. 167314

## NATHANIEL ELLIS

v.

## EDWARD M. JOYCE

Argued: June 16, 1967   Decided: Oct. 13, 1967

*Present:* Lewiton, J. (Presiding), Foster, J., Mottola, Sp. J.

Case tried to: *Kolodney, Sp.J.,* in the Municipal Court of the City of Boston. No. 167314.

*Lewiton, J.* This opinion involves one phase of a complex series of legal steps arising out

of, or in connection with, an action of tort based upon an alleged assault and battery by the defendant on the plaintiff. The particular matter before us at this time is a document entitled "Petition to Establish Report on Claim of Report on Admissibility of Evidence", which was filed by the defendant.

The following facts, which control our decision on this matter, are found in the petition and in the docket of this court with respect to this case: The case was tried on the merits on May 2 and May 3, 1967, introduction of evidence being concluded on the latter date. In the course of the trial, the defendant asserted claims of report with respect to certain rulings on the admission or exclusion of evidence by the trial judge. On May 5, 1967 the plaintiff filed with the Clerk of this court a document entitled "claim of Report on Admissibility of Evidence" which purported to set forth the claims of report previously asserted during the trial. A decision on the merits was made by the trial judge on May 17, 1967. On the same date, the trial judge purported to disallow the defendant's claim of report, which had been filed on May 5, 1967 as above stated, "for the reason that the claim of report is not in conformity with Rule # 31, B.M.C.". On May 19, 1967 the defendant filed the petition now under consideration, seeking to have this court to establish *the claim of report* which he had filed on May 5, 1967, and which the trial judge

purported to disallow on May 17, 1967. On May 23, 1967, apparently within the time allowed by statute and by the rules of this court, the defendant filed a draft report in which he incorporated the matters covered by the claim of report filed on May 5, 1967 pertaining to rulings on the admission and exclusion of evidence.

The instant petition must be denied. "A draft report on the files of the court is prerequisite to the establishment of a report". (*Gallagher* v. *Atkins,* 305 Mass. 261, 262). At the time of filing of the petition now under consideration, there was not on file any draft report pertaining to the questions involved in the claim of report which the trial judge purported to disallow on May 17, 1967. While the correctness of that purported disallowance appears questionable, this fact confers no authority upon us to establish a non-existent report.

**Petition to establish report denied.**

WILLIAM H. LEWIS, JR.

of Boston for the Plaintiff.

EDWARD M. JOYCE

of Boston, Pro Se for the Defendant.