This certifies that this is the OPINION of the Appellate Division in this cause.
Robert E. Fein, Clerk

**NICKERSON LUMBER COMPANY**
vs.
**William E. COBB and Robert M. SRIBERG, individually and as Trustees of MID-CAPE EQUITY TR.**

No. 273

District Court Department
Appellate Division, Southern District
Trial Court of the
Commonwealth of Massachusetts

August 18, 1981

**Duane P. Landreth,** counsel for plaintiff
**Robert S. Wolfe,** counsel for defendant

## DECISION AND ORDER

This cause came on to and was heard in the Appellate Division for the Southern District sitting at Attleboro upon Report from the District Court Department, Orleans Division and it is found and decided that there was no prejudicial error.

It is hereby ORDERED: That the Clerk of the District Court Department, Orleans Division make the following entry in said case on the docket of said Court, namely: REPORT DISMISSED.

Date: August 18, 1981

**Daniel H. Rider, Justice**
**Richard O. Staff, Justice**
**Charles E. Black, Justice**

Opinion filed herewith.

**Patricia D. Miller, Clerk**

## OPINION

**BLACK, J.** This is a civil action sounding in contract brought by the plaintiff, Nickerson Lumber Company, against the defendants, William E. Cobb and Robert M. Sriberg, individually and as trustees of Mid-Cape Equity Trust (Mid-Cape). The complaint contains three counts. The first count alleges that the defendant, Mid-Cape, is indebted to the plaintiff in the amount of $9,459.62 for goods and materials sold, and the remaining two counts assert that the defendants, William E. Cobb and Robert M. Sriberg, personally guaranteed payment to the plaintiff of the Mid-Cape account. The plaintiff prayed for judgment against the defendant Mid-Cape in the amount of $9,459.62, plus

interest and costs; against the defendants William E. Cobb and Robert M. Sriberg for the sum of $9,459.62, plus interest, costs and attorney's fees.

Service of process was effected upon the individual defendants on or about October 5, 1979. On October 9, 1979 attorney Robert S. Wolfe was asked by them to appear and defend on their behalf, at which time he was provided with the summons and complaint. Counsel was not provided with documentation and requested its production from his clients. On October 15, 1979, the plaintiff's motion for attachment of real estate in the amount of $10,000.00 was heard and allowed, due notice having been given to all defendants. No answer was filed by any of the defendants to the plaintiff's complaint and on January 7, 1980, the plaintiff obtained a default judgment under Dist./Mun. Cts. R. Civ. P. 55(b)(2) against all defendants. Notice of the application for default was duly given to each defendant. Mid-Cape was assessed damages and interest totalling $9,768.69. The individual defendants were assessed damages totalling $11,149.76. The additional sum assessed against the individual defendants represented the principal sum found to be due together with costs of collection including a reasonable attorney's fees as determined by the court upon assessment of damages pursuant to Dist./Mun. Cts. R. Civ. P. 55(b)(2), all as provided in the written guarantee executed by the individual defendants. Notice thereof was received by the defendants on or about January 16, 1980.

On February 2, 1980, the defendants filed a motion to vacate judgment and allow filing of responsive pleading late. This motion was taken under reserve and denied on February 11, 1980. On February 20, 1980, defense counsel filed a motion of defendants William E. Cobb and Robert M. Sriberg to reconsider the court's denial of the defendants motion to vacate judgment and allow filing of responsive pleadings late. This motion was also taken under reserve and later denied on March 17, 1980. Notice of the denial was received by the defendants on March 20, 1980, and notice of appeal was filed on March 21, 1980. Several days later the clerk-magistrate notified defense counsel that the "notice of appeal" did not constitute a draft report within the meaning of Dist./Mun. Cts. Civ. P. 64 and that the appeal would not be transmitted to the Appellate Division. Apparently, counsel was also advised that a draft report would not be accepted. On April 11, 1980, counsel filed a motion for procedural relief which sought to have the trial court direct the clerk-magistrate either to transmit the appeal or permit preparation of a report. On May 5, 1980, this motion was denied and defense counsel claimed a report.

No motion or other action was sought from the judgment against Mid-Cape. No requests for rulings of law were filed in connection with either motion for relief from judgment or the motion for procedural relief.

For the sake of clarity, and an understanding of the procedural aspects of this case, we shall review each of the defendants' motions, although the issue presented by this appeal is a very narrow one, whether the filing of the notice of appeal preserved any right of appeal that the defendants might have based upon the trial court's denial of their motion for procedural relief. First, the defendants' original motion to vacate judgment and allow filing of responsive pleadings late under Dist./Mun. Cts. R. Civ. P. 60(b), is essentially a discretionary motion to be acted upon by the trial judge and may be overturned only where there has been an abuse of discretion. (**Bartley v. Phillips,** 317 Mass. 35 (1944); **Farmers Cooperative Elevator Association v. Strand,** 382 F.2d 224 (8th Cir. 1967). The party seeking relief has the burden of showing excusable neglect and it should be emphasized that

one's own carelessness cannot be regarded as excusable neglect. (**Petition of Pui Lan Yee**, 20 F.R.D. 399 (N.C. Cal. 1975); **Kahle v. Amtorg Trading Corp.**, 13 F.R.D. 107 (D.N.J. 1952) ).

In this case, the defendants secured counsel immediately upon being served with the summons and complaint and counsel certainly must be presumed to have had knowledge of the time limitations for the filing of an answer to plaintiff's complaint. The only excuse for not having done so appearing in the record is that counsel was awaiting certain documentations from his clients. The trial judge apparently concluded that this did not constitute excusable neglect under Rule 60(b) and denied the motion to vacate judgment and allow filing of responsive pleadings late. We would agree with his action and would find no abuse of discretion were that issue before us. (**See, Standard Newspaper Inc. v. King**, 375 F.2d 115 (2d Cir. 1967) ).

As to whether requests for rulings are required in connection with post-judgment motions, we note that Dist./Mun. Cts. R. Civ. P. 64(b) requires that such requests be presented to the court **before** closing arguments **unless** special leave is given to present requests later. (Nolan, 9A Mass. Practice Series, sec. 732). While a party could presumably request special leave from the court to present requests for rulings in connection with a motion to vacate judgment, we would conclude that such action is unnecessary, at least where such a motion is accompanied by a statement of the grounds therefor. (**Gangi Realty Corp. v. Hale**, 1978 Mass. App. Div. Adv. Sh. 10). It would be purposeless to require filing of requests for rulings in addition to a statement of the grounds for a motion to vacate judgment, and in the absence of special leave granted by the court, it would be impossible to satisfy the requirements of Rule 64(b) that requests for rulings be presented before closing arguments. (**Bartley v. Phillips, supra** at

p. 43 (Record showed merely denial of motion and a request for a report); Perlin & Connors, **Handbook of Civil Procedure in the Massachusetts District Courts**, p. 111) ). In any event, it is clear that the request for a report should have been filed within ten days of entry of the court's denial of the defendants' motion to vacate judgment and allow filing of responsive pleadings late, if they felt aggrieved by the court's decision, as provided by Dist./Mun. Cts. R. Civ. P. 64(c)(1)(i). Having failed to do so, their right of appeal was lost. It is doubtful that their right of appeal could have been fully resurrected by their subsequent motion for reconsideration, but again, no report was requested in a timely manner as to the trial court's denial of that motion. Counsel did, however, file a "notice of appeal" within the ten-day appeal period. We hold that the filing of a "notice of appeal" does not satisfy the requirement that a "request for report" be filed within ten days of the decision, which the party alleges to have been aggrieved by, and, therefore, the defendants' right of appeal was lost as to the motion for reconsideration. In light of the foregoing, we conclude that denial of the motion for procedural relief was proper, and required as a matter of law, under the circumstances of this case as reflected in the record before this court.

The basic principles governing appellate procedure are clear and the rule of court, duly made, have the force of law. They are binding upon the court and the parties, and cannot be waived or ignored. (**Flynn Pet.**, 265 Mass. 310 (1928), **Cape Cod Bank & Trust Company v. Affleck**, 1981 Mass. App. Div. Adv. Sh. 12; **Berkowitz v. Peter Fabrics, Inc.**, 56 Mass. App. Dec. 40 (1975), **Deacy v. First National Bank of Boston, Exec.**, 49 Mass. App. Dec. 52 (1972) ). Provisions of statutes and rules of court regarding appellate procedure are to be strictly construed. (**Famigletti v. Neviackas**, 324 Mass. 70 (1949) ). Failure to comply is

fatal to the right to prosecute an appeal (**Murphy v. William C. Barry, Inc.** 295 Mass. 94 (1936) ).

The report is dismissed.

**Daniel H. Rider, Justice**
**Richard O. Staff, Justice**
**Charles E. Black, Justice**

This certifies that this is the opinion of the Appellate Division in this cause.

**Patricia D. Miller**
**Clerk**