Welsh, P.J.
This is a petition to establish a report. The draft report to which the petition relates discloses that the underlying action was one for money had. and received and for conversion. The answer denied liability and asserted that the defendant had a lien upon the property in question for storage charges.
After a trial, during which none of the parties filed requests for rulings, the court found for the plaintiff in the amount of $1,400.00, and judgment was entered accordingly on January 25, 1980. The defendant filed a motion for new trial in a timely fashion, and a motion for relief from judgment. The trial judge heard both motions and entered an order denying the motions on April 9,1980. The defendant contends in his affidavit in support of the petition to establish and in the draft report sought to be established that he received no notice of the denial of the motion for new trial and for relief from judgment until November 4,1981. In any case, on November 12,1981, the defendant filed a second motion for relief from judgment and amotion to remove the cause to the Superior Court, together with a removal bond and entry fee. OnNovember23,1981, ajudge other than the trial judge entered an order denying the second motion for relief from judgment and the motion to permit removal to the Superior Court. On December 3,1981, the defendant filed the draft report to which this petition relates. After a number of intermediate proceedings and after an attempt to secure a consensus on the report, the judge who denied the second motion for relief from judgment and the *222 motion for removal (hereinafter referred to as the motion judge), instead of disallowing the defendant’s draft report, adopted and signed a draft report filed by the plaintiff.
The defendant in his draft report claims to be aggrieved by the denial of the motion to permit a late removal to the Superior Court and the motion for relief from judgment.[2]
We determine that the draft report sought to be established discloses no error prejudicial to the rights of the appellant, and that the petition to establish the report should be denied.
The issues of law involved in this petition may be resolved into three questions:
(1) Was the defendant entitled as a matter of right to removal to the Superior Court?
(2) Did the motion judge have the right as a matter of sound judicial discretion to permit late removal in this case?
(3) Did the trial judge abuse his discretion in refusing to allow a late removal or in denying the second motion for relief from judgment?
We reach the following conclusions of law relative to this petition:
(1) The Appellate Division has jurisdiction to review a question of law pertaining to a refusal to permit removal of a cause to the Superior Court after trial in the district court, notwithstanding the essentially interlocutory or non-determinative character of such refusals and the fact that the question perforce arises after judgment and disposition of other post-trial motions.
(2) The 10 day period of time allowed by statute to perfect the claim for removal to the Superior Court after a trial in the district court where such trial is mandated by virtue of the amount in controversy commences to run only after the knowledge of the contents of the notice of entry of judgment is received by the party having the right of removal or his attorney, and is suspended by a timely filed motion for new trial, or motions to amend findings and/or judgment[3]. The 10 day period commences to run anew from the date of entry of an order disposing of said motions.
(3) Subject to the pendency of motions or other proceedings tolling the running of the 10 day period, the district court judge is not empowered to enlarge the time for removal if the motion is filed after the running of the 10 day period. Upon a showing of excusable neglect, the judge, acting upon a motion for relief from judgment filed pursuant to Rule 60, may order the original judgment vacated and order the reentry of judgment so as to cause the 10 day period to commence to run anew. A judge’s action in denying such a motion is not subject to revision unless an abuse of discretion is shown.
(4) As a matter of sound judicial practice, after reasonable attempts at settlement of a report have come to naught, the judge should disallow the draft report, indicating in writing his reasons therefor, thus setting the stage for a petition to establish by the appellant. If the judge pursues the opposite course and signs a report he himself prepared or one prepared by the prevailing party and to which the appellant does not consent, such a report is not a valid vehicle for the appeal. *223 A draft report prepared by the non-appealing party has no standing to be considered for allowance because the party who prepared it is not a party aggrieved.
(5) Since the adoption by the judge of a report differing substantially from the draft report filed by the appellant and over the objection of the appellant, is nugatory, his action in adopting such a report is to be deemed a constructive disallowance of appellant’s draft report, affording the appellant 5 days from notice of such action to file a petition to establish the original draft report.
(6) A petition to establish is prematurely filed and has no standing until one of the following occurs:
(a) Notice of disallowance is received, or
(b) 90 days from the date of filing passes without final action on the original draft report by the judge, or
(c) the judge adopts some other report whether prepared by the appellee or the judge himself.
(7) When the cause is ripe for filing a petition to establish, the judge has no authority to enlarge the time allowed for so doing.
1. May the Appellate Division review a decision by a trial judge on an application for removal? Although this question was not raised by any party to this action, it is a fundamental issue touching upon the jurisdiction of the Appellate Division and therefore merits consideration. In this case, no requests for rulings of law were filed either at trial or in connection with any of the post-trial proceedings. At first impression, the question appears simple, the answer obvious. A literal reading of General Laws Chapter 231, section 108 suggests that a party aggrieved by any ruling on a matter of law in a civil action has the right to have the ruling reported for determination by the Appellate Division. This language suggests a broad, sweeping grant of authority. Yet, it was decided early on, for example, that the statute’s purview extended only to those cases which were brought in the district court by election rather than compulsion. Lynn Gas Co. v. Creditors Nat. Clearing House, 235 Mass. 114, 115-116 (1920). In a similar vein, it was determined that the jurisdiction of the Appellate Division was confined to questions of law that arose before the case became “ripe for judgment,” and did not extend to matters arising after entry of a valid judgment. Kelly v. Foley, 284 Mass. 503, 506 (1933). Following this line of authority, it was held in Donnelly v. Montague, 305 Mass. 14 (1940),thatarulingof law in a supplementary proceeding could not be taken to the Appellate Division because it was a post-judgment proceeding. Id., at 17. The holding in Lynn Gas Co., supra, to the effect that only cases commenced in the district court and suffered to remain there could be taken to the Appellate Division was modified in Lubell v. First National Stores, Inc., 342 Mass. 161 (1961), wherein it was held that a case commenced in the Superior Court and transferred to the district court for trial agreeable to General Laws Chapter 231, section 102C was subject to review by the Appellate Division before retransfer to the Superior Court. Id., at 165.
The phrase “ripe for judgment” is now an anachronism since the advent of the Rules of Civil Procedure, 365 Mass. 730 (1974). Unlike the dispensation prevailing under the then existing practice, entry of judgment under the new rules did not, ipso facto, terminate the court’s authority to deal with the case (subject, of course, to extraordinary post-trial remedies such as a motion to vacate judgment or a petition for review). The entry of judgment simply heralded the beginning of post-trial proceedings and the process of appellate review. See Reporter’s Notes, Rule 54, Mass. R. Civ. P. Appellate Divisions can, and frequently do, review post-judgment rulings, including motions for relief from judgment. Com *224 pare Anderson v. Goodman, 341 Mass. 704 (1961), wherein it was held that Appellate Divisions have no jurisdiction of appeals on petitions to vacate judgment, the forerunner to motions for relief from judgment under Rule 60. Id., at 705.
Consonant with this new conception of the significance of the entry of judgment under the new rules, General Laws Chapter 231, section 108 was amended by substituting the phrase, “Pursuant to applicable rules of court’ ’ for “when the cause is otherwise ripe forjudgment...” St. 1975, c. 377, § 106. Since the rules envision a continuation of the authority of the trial court to act with relation to the cause after the entry of judgment, it would be anomalous, to say the least, if such post-judgment actions including the denial of motions to remove were not reviewable by the Appellate Division. Such a construction is aided by a further argument. If the Appellate Divisions were not afforded jurisdiction to review such questions as the denial of an application for removal after trial, the party aggrieved would be virtually without a remedy. In H. Sandberg & Sons, Inc. v. Clerk of the District Court of Northern Norfolk, Mass. App. Ct. Adv. Sh. (1981) 1943, the Appeals Court held that proceedings in the nature of mandamus were not open to a litigant aggrieved by a refusal to allow a retransfer. The aggrieved was required to present his claim for relief to the district court judge. Id., at 1946.
In H.K. Webster Co. v. Mann, 269 Mass. 381 (1929) the Supreme Judicial Court ruled that a party seeking to remove as a matter of right and prior to trial to the Superior Court must comply with all of the statutory prerequisites. Id., at 384. A party failing to perfect his claim for removal in a timely fashion may petition the court to allow a late removal and the court may, as a matter of discretion, permit late removal upon the terms specified in the statute. Denial of such a request will not be disturbed on appeal unless the aggrieved party shows an abuse of discretion. Id., at 385. The statute (G.L. c. 231, § 107) makes it clear that if a late removal is to be allowed it must be done prior to the entry of final judgment. Since the removal sought in this case must occur, if at all, after final judgment, the statute is not applicable. We therefore hold that the Appellate Division does have jurisdiction to review refusals to allow a late removal in a case which has been tried in the district court and which has resulted in the entry of final judgment. See Griffin v. Powers, 1 Mass. App. Ct. 846, 847 (1973); Hall v. Opacki, 1 Mass. App. Ct. 58, 60-61 (1973).
2. The draft report sought to be established states that notice of the order denying the motion for new trial and the motion for relief fromjudgment were not received by the defendant until November 4, 1981; that on November 10, 1981[4] the defendant submitted a request for removal, bond and entry fee. The defendant correctly contends that the 10 days for exercising the right of removal does not commence to run until the substance of the notice is actually received. Davis v. Bennett, Mass. App. Div. Adv. Sh. (1982) 41, 42; See Sweeney v. Morey & Co., Inc., 279 Mass. 495, 502 (1932). The defendant is also correct in asserting that the pendency of certain timely filed post-trial motions suspends the running of the 10 day period. Burnham v. Clerk of the First District Court of Essex, 352 Mass. 466, 467-468 (1967); Davis v. Bennett, supra, at 42.
Judgment was entered on January 25,1980. A motion for anew trial was timely filed on January 31, 1980, along with a motion for relief fromjudgment. Both motions were denied by the trial judge on April 9, 1980. The defendant was allowed 10 days from the date of entry of the order denying the motions either to appeal or to remove the case. Rule 64 (c) (1) (iii), Dist./Mun. Cts. R. Civ. P. By *225 failing to pursue either course, the defendants forfeited the right for either appellate review in the Appellate Division or removal to the Superior Court.
The docket shows no activity by the defendant until November 12, 1981, at which time he filed a second motion for relief from judgment and appropriate removal documents.[5] Prescinding from the question whether and, if so, under what circumstances may a motion for relief from judgment properly be used as a device to restore appellate rights lost by failure timely to comply with procedures mandated by statute or rules of court, we observe that a motion for relief from judgment, when grounded upon excusable neglect, focuses on circumstances and events occuring before or contemporaneous with the entry of judgment. Arguably, relief could be granted in an appropriate case under the provisions of Rule 60 (b) (6), authorizing relief for other reasons not embodied in the five specific categories delineated. The Rule, however, makes it clear that a motion for relief from judgment under subdivision (b) does not affect the finality of ajudgment or suspend its operation. Whether an independent action might be maintained to obtain relief is not before us. Reference is made to the Federal Advisory Committee Note of 1946, as quoted in the Reporter’s Notes, Mass. R. Civ. P„ 1973:
If the right to make a motion is lost by the expiration of the time limits fixed in these rules, the only other procedural remedy is by a new and independent action to set aside ajudgment upon those principles which have heretofore been applied in such an action. Where the independent action is resorted to, the limitations of time are those of laches or the statute of limitations.
Assuming that the motion for relief from judgment is the proper remedy, neither the motion judge nor the Appellate Division was required to believe the uncontradicted affidavits of the defendant’s attorneys asserting that they did not receive notice of the decision on the motion for new trial until November 4,1981. This was approximately 22 months after the finding for the plaintiff and the entry of judgment and approximately 19 months after the trial court heard argument on the motion for new trial and the first motion for relief from judgment. While we acknowledge that busy law offices may properly rely to some extent upon the receipt of notices from the various clerks’ offices in pursuing the necessary steps in litigation, there remains an obligation by attorneys to keep themselves abreast of the status of their cases, even after trial. Understandably, the motion judge might have viewed with a jaundiced eye the suggestion that the defendant’s counsel had no knowledge of the disposition of the motions taken under advisement for so long a time. Obviously, plaintiff’s counsel became aware of the disposition of the motions at a much earlier point in time since the docket reflects that an execution was sought on or about November 3,1980. In order to credit the defendant’s assertion as to lack of notice, one would be compelled to indulge in a further assumption, i.e., that no demand was made by the plaintiff on the defendant for satisfaction of the amount of the judgment. Since the execution was requested on November 3, 1980, it would be approximately one year of unexplained silence by the attorney for the plaintiff. Considering all these circumstances, we cannot say that the motion judge was either “plainly wrong’ ’ in failing to credit such testimony or that he abused his discretion. Bartley v. Phillips, 317 Mass. 35, 43-44 (1944).
*226 3. A petition to establish a report is properly denied if neither the draft report sought to be established nor the docket entries evince any error of law prejudicial to the rights of the appealing party, or any abuse of discretion. Commonwealth v. Vallarelli, 273 Mass. 240, 247 (1930); Thomas v. McDermott, 307 Mass. 609 (1940); Sea Street Auto Body, Inc. v. Mullis, 55 Mass. App. Dec. 142, 146-147 (1974). For the reasons above stated, the defendant has not shown himself to be entitled to a report. Haines Corp. v. Winthrop Square Cafe, Inc., 335 Mass. 152, 153 (1956); Gilman v. Brown 45 Mass. App. Dec. 184, 187 (1970); Plante v. Caldas, 52 Plante v. Caldas, 52 Mass. App. Dec. 127, 131 (1973). The motionjudge had no authority to enlarge the time for filing a petition to establish a report. See Overstreet v. Chambers, 56 Mass. App. Dec. 145, 147-148 (1975); Dias v. Fairhaven Institution for Savings, 22 Mass. App. Dec. 116, 119-120 (1961) Murphy v. W.C. Barry, Inc., 295 Mass. 94, 97 (1936). The petition to establish was prematurely filed and thus remained dormant until the time was ripe for filing such a petition triggered by actual or constructive disallowance and notice thereof. See Ellis v. Joyce, 39 Mass. App. Dec. 70, 72 (1967). Since the purported permission to enlarge occuired before such petition could properly be filed, it was nugatory. In any case, the petitioner is certainly not in a position to claim to be aggrieved by such action because it extended to him a benefit to which he was not entitled.
We order that the petition to establish report be, and hereby is denied.

So ordered.

Presumably, this relates to the second motion for relief from judgment.

 We express no opinion whether or not a duly filed request for report and/or draft report would also suspend the 10 day period. Since the district court decision has the effect of prima facie evidence, it might be argued that the party entitled to removal after trial who was aggrieved by such decision has a right to review by the Appellate Division before removal. Cf. Lubell v. First National Stores, Inc., 342 Mass. 161, 164-165 (1961), in which Appellate Division review was found implicit in remanded cases under G.L. c. 231, § 102C.

The docket reflects that the motions were filed November 12, 1981.

 We pass over the question whether the doctrine of the “Law of the Case” is applicable so as to foreclose the defendant from having review as a matter of right. See Nickerson Lumber Co. v. Cobb, 1981 Mass. App. Div. 193, 194-195.