Kane, J.
This tort action brought by Leonard and Rose Leppo against the Massachusetts Bay Transportation Authority was filed in 1983. Finally, in 1990, the case was tried; and on October 31,1990, judgments for plaintiffs entered. Defendant then claimed a report and submitted a draft report which was disallowed with leave to file a second draft report. At a settlement conference, plaintiffs claimed that, since the action originally alleged less than $25,000 in damages, no Appellate Division appeal was available.[2] The trial judge directed plaintiffs to present an appropriate jurisdictional motion. Defendantthenfiled arequestto extend timefor establishment of the report and requested that the Trial Court forward the extension request to the Appellate Division. The trial judge denied the extension request and did notforward that request to this division.
Defendant is presently asking us to establish a report on the trial judge’s denial of the request to extend time and his failure to forward the request to the Appellate Division. Establishment of this report would then occasion argument on the merits of that report. If error is found, we will permit the extension request to be filed and later hear arguments on its merits. If the extension request is allowed, establishment of the report may follow and then consideration of the appeal’s merits.
This procedural maze is unacceptable.[3] We leap[4] and order the report of the case in chief to be settled in thirty days. If the report is not settled, then counsel, no later than forty-five days from the date of this order, may petition us to settle the report. Such a request must be accompanied by either an audible tape or a transcript and specific responses to any written complaints of the trial judge.

 Although Lynn Gas & Electric Co. v. Creditors' National Clearing House, Inc., 235 Mass. 114 (1920), declared that an appeal to the Appellate Division only lies where there is no appeal to the Superior Court, this ruling was nullified in later cases holding that an appeal to the Appellate Division lies where there is a right of appeal to the Superior Court. See Lubell v. First National Stores, Inc., 342 Mass. 161, 165-66 (1961); also see Third National Bank of Hampden County v. Continental Ins. Co., 388 Mass. 240, 241-42 (1983).

 That Appellate resolution can be so thwarted leaves us once more distressed over the vulnerability of our appellate practice to procedural disputes on the acceptability of a report and even time limits for establishing one.

 The trial judge was in error in failing to forward the extension request to the Appellate Division. We exercise our authority to grantadditional time to settle the report, partially because of the issue of jurisdiction raised at the settlement conference. Dist/Mun. Cts. R. Civ. P., Rule 64(c) (5); Brown v. Quinn, 127 Mass. App. Ct. 288, 291 (1989).