Hurley, J.
This civil action is brought upon a judgment of the Supreme Court of the State of New York, County of Nassau. The judgment rendered is that the plaintiff, a New York corporation, recover from the defendants, Massachusetts residents, the sum of $13,073.65 including interest, costs and disbursements to July 20,1990, the date of the judgment. After hearing on the first of two motions for summary judgment, the trial court allowed the motion as to liability only. After hearing on a motion for summary judgment as to damages, the trial court assessed damages in the sum of $2,188.75 plus interest from the date of the allowance of the motion for summary judgment as to liability. The plaintiff claimed a report from this ruling. We find error, reverse the ruling on the motion for summary judgment as to damages and direct the clerk to enter judgmentforthe plaintiffin thesum of $13,073.65 plus interestfromjuly 20, 1990.
In ruling as he did on thefirst motion for summary judgment, the judge determined that theNewYorkcourthad jurisdiction overthe defendants and that they had no valid defense in this action based on that judgment. This ruling required the court to give preclusive effect to the issues resolved in the New York court. Wright Machine Corp. v. Seaman-Andwall Corp., 364 Mass. 683 (1974). One of the issues decided in New York is the amount of damages for breach of the lease. It is familiar law in this Commonwealth that interest on a judgment runs from the date of the rendition of the judgment. Shaheen v. Hershfield, 247 Mass. 543 (1924).
In a suit upon a judgment rendered by a sister state, the general rule is that the rate of interest is determined by the law of the jurisdiction where the suit to enforce the judgment is brought. Clark v. Child, 136 Mass. 344 (1884). The plaintiff is entitled to interest from the date of July 20, 1990 according to the Massachusetts statutory rate. G.L.C. 235, §8.
The only issue briefed by the defendants is that the report should be dismissed *117 because the plaintiff did not file any requests for rulings. No separate request for rulings need be filed to preserve appellate review of a motion for summary judgment. A timely request for report is all that is required. Nickerson Lumber Company v. Cobb, 1981 Mass. App. Div. 193; Swanson v. Bankers Life, 1982 Mass. App. Div. 143. See also PERLIN & CONNORS, HANDBOOK OF CIVIL PROCEDURE IN THE MASSACHUSETTS DISTRICT COURTS (1980) §12.6.
The report is allowed. Judgment shall enter in the sum of $13,073.65 together with interest at the Massachusetts statutory rate from July 20,1990.