Welsh, J.
This is an action to recover damages sustained by the plaintiff when he fell on the ice covered by snow on a stairway located on the defendants’ premises. The plaintiff was a delivery man who had come to the premises to deliver and install an appliance at the direction of the defendants.
The defendants denied liability and asserted that plaintiffs comparative negligence exceeded that of the defendants, if any. The answer also asserted that defendants failed to give notice as required by G.L.c. 84.
The plaintiff s statement of damages stated that the damages sought were less than $25,000.00. The defendants had the right either to transfer the case directly to the Superior Court after the District Court judgment, or to the. Appellate Division and then, if necessary, to the Superior Court. Third National Bank of Hampden County vs. Continental Ins. Co., 388 Mass. 240, 241, 242 (1983).
The trial judge found for the plaintiff and awarded damages of $320,000.00. Judgment was entered on December 23,1991.
The defendants through their attorney sought to have the case transferred for trial in the Superior Court. The docket indicates that on December 30,1991, the defendant filed a request for transfer to Superior Court and a claim for jury trial. The request was defective in that neither entry fee nor bond for removal was submitted as required by G.L.c. 231, §104. Failure to comply with the statutory prerequisite for transfer or removal within the time limit of the statute is usually deemed a forfeiture of the right to transfer. Griffin v. Powers, 1 Mass. App. Ct. 846, 847 (1973). A timely filed motion to amend judgment will toll the period for filing an appeal or requestfor transfer. Karen Construction Co. v. Lizotte, 396 Mass. 143, 145 (1985). Such a motion was filed on January 2, 1992. We assume, favorably to appellant, that the motion was properly brought under Rule 59 (e), as opposed to amotion under Rule 60 (a). Compare Worsnop v. Texaco, Inc., 386 Mass. 1005, 1006 (1982). The motion to amend judgment was allowed on January 14,1992. The amended judgment was entered on January 21,1992. The appellant had ten days from that date to file a request for report or a draft report to preserve the right to appellate review. No draft report was filed until April 24, 1992.[2] The right to have review in the Appellate Division terminated 10 days from entry of the amended judgment on January 21, 1992. Haines Corp. v. Winthrop Square Cafe, Inc., 335 Mass. 152, 153-154 (1956); Murphy v. William C. Barry, Inc., 295 Mass. 94, 97 (1936). Neither the parties nor the court can waive compliance with the time *2 requirements for filing a draft report. Id. at 97; Donovan v. Berkshire Gas Co., 1984 Mass. App. Div. 109, 110. Such failure is a “serious misstep” and results in a forfeiture of the right to appeal. Compare Cape Cod Bank & Trust Co. v. LeTendre, 384 Mass. 461, 484 (1981). The report prepared by the defendant and signed by the trial judge on May 11,1992 is dismissed.
The trial judge also allowed a draft report prepared by the plaintiff concerning his interlocutory order vacating the judgment entered on December 23,1991, so as to permit the defendant to remedy the deficient attempt to transfer the case to Superior Court previously described.
The judge certified in accordance with Dist./Mun. Cts. R. Civ. P., Rule 64(d), that said interlocutory ruling, to the extent that it be deemed such, should be reported to the Appellate Division without delay. That report indicates that a levy of execution on defendants’ property was effected.
While recognizing the policy against interlocutory appeals in general as expressed in such cases as in CYNA Mutual Ins. Society v. Attorney General, 380 Mass. 539, 541 (1980), we determine that the order under scrutiny raises a serious question or questions likely to be material to the resolution of this case. Barnette v. Commercial Union Ins. Co., 55 Mass. App. Dec. 5, 6 (1974). Further, it involves a substantial question of procedure which may arise frequently if not addressed. The Appellate Division is empowered to review the exercise of discretion by the trial judge in reporting interlocutory matters. Id. at 7.
This case falls within the well-recognized exception to the general rule disfavoring review of interlocutory questions, to wit, that of “present execution.” If an interlocutory order will interfere with rights in a way that cannot be remedied on appeal, the doctrine of present execution may permit the appeal. For discussion of this doctrine, see Maddocks v. Ricker, Casson, 403 Mass. 592, 598-601 (1988). An order vacating a judgment on the merits after the judgment became final and not subject to appeal due to the expiration of the time to claim an appeal, which was made for the clear purpose of resuscitating a right to transfer is such a case.[3] The plaintiff who obtained the judgment after a trial on the merits would not have a clear means to review the order divesting him of the fruits of his judgment.- Such a consideration might well have persuaded the judge to exercise his discretion by reporting his action in accordance with Dist./Mun. Cts. R. Civ. P., Rule 64(d).
Such acourse was clearly not an abuse of discretion. Given the entire circumstances, it was a wise and appropriate response to the situation.. Notwithstanding any procedural faux pas in attempting to accomplish the defendants’ desire for transfer, the judge might have viewed the draconian consequences of allowing the judgment to stand as entirely disproportionate to the gaffe of the party’s attorney.
The time for filing a motion for new trial or for amended findings had long since expired.
In Coen Marine Equipment, Inc. v. Kurker, 1983 Mass. App. Div. 221, we did not reach the question whether under Rule 60(b) (6) allowing relief from judgment for other reasons not embodied in the five specified categories might be utilized as a vehicle to restore appellate or transfer rights lost by failure timely to comply with applicable statutes or rules of court. Id. at 225. It cannot be gainsaid that generally failure to take the proper steps for removal or transfer in a timely fashion is deemed a forfeiture of the right. Coen Marine Equipment, Inc. v. Kurker, 392 Mass. 597, 603 (1984). Granting relief under Rule 60(b) (6) in a case where a motion to amend judgment was deemed untimely was affirmed in King v. Allen, 9 Mass. App. Ct. 821 (1980). An abuse of discretion standard was employed in testing the validity of the judge’s action. Id. at 821-822.
We are persuaded that the sort of compelling circumstances are present in this case. *3 See Winthrop Corp. v. Lowenthal, 29 Mass. App. Ct. 180, 188 (1990). The award of damages exceeded the amount sought in the statement of damages is one such circumstance. Had such an amount been sought initially, it is highly probable that the case would have been transferred before trial to the Superior Court. While the defendants’ counsel alone must bear the responsibility for the failure to comply with the proper removal procedures, we note that according to his uncontradicted affidavit, which is part of the record in this appeal, that he might have been misled by certain information he received from the clerk’s office concerning the requirements for removal. Finally, it must be conceded that counsel was not lacking in diligence in attempting to have the case transferred or in attempting to redress the defective filing. The delicate balance between the policy favoring finality in judgments is outweighed by the". ..incessantcommand of the Court’s conscience that justice be done in thelight of a]] the facts.” Freitas v. Freitas, 26 Mass. App. Ct. 196, 198 (1988). The instant case is distinguishable from cases like Tibbitts v. Wisniewski, 27 Mass. App. Ct. 729 (1989) in which some 20 months elapsed before a 60(b) (6) motion was allowed. Id. 731-734. We observe that the request for transfer was timely; the deficiencies related to other prerequisites. Cases arising under analogous provisions of the Mass. Rules of Appellate Procedure, 365 Mass. 844, evince a tendency on the part of appellate courts to be more tolerant of lapses by appellants than was formerly the case. See Karen Construction Co. v. Lizotte, 396 Mass. 143, 145-146 (1985) in which the Supreme Judicial Court found appellants honest but mistaken belief that a motion for relief from judgment under Rule 60 (b) was in the nature of a Rule 59 (e) motion which would toll the time for claiming an appeal was “excusable neglect.”
We affirm the judge’s order allowing relief from judgment for purposes of permitting the defendants to perfect the defective ‘request for transfer and remand the case with the direction that the case be transferred to the Superior Court provided that the statutory requisites are met within ten (10) days of the date of entry of this decision and order.
So ordered.

 N orwas any application for enlargement of the timeforfiling draftreportfiled within the time permitted. See Ahern v. Towle, 310 Mass. 695, 698 (1942).

 Note that the judgment was for a principal sum of $320,000, nearly 12.8 times the amount claimed in the statement of damages.