Winslow, J.
The plaintiff, Ralph I. Levine (“Levine”). seeks judicial review of the town of Sharon police chief’s denial of his license to carry a firearm. Before the matter was to be tried in Stoughton District Court pursuant to G.L.c. 140, §131, Levine filed a motion for trial by jury which was denied by the trial judge. Levine then filed this interlocutory appeal challenging the denial of his claim for trial by jury. We dismiss the appeal without addressing the merits of Levine’s contentions and remand the matter for trial before a justice of the Stoughton District Court
“It is settled that absent ‘special authorization,’... ‘an appellate court will reject attempts to obtain piecemeal review of trial rulings that do not represent final dispositions on the merits.’ Ashford v. Massachusetts Bay Transp. Auth., 421 Mass. 563, 565 (1995), quoting Cappadona v. Riverside 400 Function Room, Inc., 372 Mass. 167, 169 (1977), and R.J.A v. K.A.E., 34 Mass. App. Ct. 369, 372 (1993). The policy underlying this rule is that ‘a party ought not to have the power to interrupt the progress of the *145 litigation by piecemeal appeals that cause delay and often waste judicial effort in deciding questions that will turn out to be unimportant’ Borman v. Borman, 378 Mass. 775, 779 (1979), quoting Vincent v. Plecker, 319 Mass. 560, 563 n.1 (1946).” Fahre v. Walton, 436 Mass. 517, 520-521 (2002). Subject to certain limited exceptions not applicable here, such as the “doctrine of present execution,” id. at 521, Levine cannot press review of the trial judge’s ruling on tire motion for trial by jury until after a final judgment in this action. “The test of the finality of a decision is whether it terminates the litigation on its merits, directs what judgment shall be entered, and leaves nothing to the judicial discretion of the trial court ...” Pollack v. Kelly, 372 Mass. 469, 476 (1977). The rationale of the policy against interlocutory appeals is all the greater in cases involving judicial review of firearms licenses: the applicant’s “sole remedy... [is] a civil action in the nature of certiorari [in Superior Court] to correct errors in proceedings which are not according to the course of the common law, which proceedings are not otherwise reviewable by motion or by appeal. ...” Godfrey v. Chief of Police of Wellesley, 35 Mass. App. Ct. 42, 46 (1993). Compare Dist./Mun. Cts. R. A. D. A., Rule 5 (“Pursuant to G.L.c. 231, §108, a judge may, in his or her discretion, report a judgment interlocutory or other ruling... for determination by the Appellate Division.”) The appellate division will not decide the issues raised by Levine on an interlocutory basis.
Accordingly, the appeal is dismissed and the case is remanded for trial before a justice of the Stoughton District Court
So ordered.