Wheatley, PJ.
Iko Industries, Inc. (Iko) has filed this expedited appeal under Dist./Mun. Cts. R. A D. A, Rule 8A, from the interlocutory denial by the trial judge of Iko’s motion to dismiss “pursuant to Mass R. Civ. P. 12(b) (6) and... 56(c).” We dismiss the appeal and remand the case to the trial court clerk for further proceedings.
“It is settled that absent ’special authorization,[1]... an appellate court will reject attempts to obtain piecemeal review of trial rulings that do not represent final dispositions on the merits.’” Levine v. Bernstein, 2002 Mass. App. Div. 144, quoting Ashford v. Massachusetts Bay Transp. Auth., 421 Mass. 563, 565 (1995) and cases cited. Interlocutory rulings will not be considered until the matter is ripe for final judgment or decision. Pollack v. Kelly, 372 Mass. 469, 476 (1977), and case cited. “The natural import of that expression is a determination which puts an end to litigation. A ‘final decision’ by the ordinary and approved usage of the language as applied to an action at law means a decision which leaves nothing more open to dispute and which sets controversy at rest.” Id., at 475-476. Here, because the trial court, in effect, denied Iko’s motion to end the controversy, there remains, at the very least, the necessity of a trial or some judicial decision before the case will go to final judgment, and be ripe for appeal. “A party ought not to have the power to interrupt the progress of the litigation by piecemeal appeals that cause delay and often waste judicial effort in deciding questions that will turn out to be unimportant.” Vincent v. Plecker, 319 Mass. 560, 563 n.1 (1946). We will not, therefore, consider this case on the merits.
Accordingly, this appeal is dismissed and the case is remanded to the trial court clerk for further proceedings.
So ordered.

 An exception to the general rule, not applicable in this case, exists wherein a judge, in his or her discretion, may report a judgment for determination by the Appellate Division. G.L.c. 231, §108.