Williams, PJ.
Aggrieved that the Town of Plymouth denied his renewal application for a license to carry firearms, the plaintiff, Francis J. Rogers (“Rogers”), filed a complaint in District Court seeking review of that denial, but also alleging civil-rights violations. The case was removed to federal district court, which dismissed it, and which found that Rogers’s renewal application had been properly denied. Rogers applied a second time for a renewal license, which application too was denied. He again sought review in District Court. The District Court denied a motion to dismiss, but also reported to us the question whether the federal district court’s dismissal of Rogers’s appeal precluded relitigating his appeal in this, the second, case.[1] Finding we have jurisdiction of this issue, we hold that the federal *177 district court’s dismissal of Rogers’s appeal precludes relitigation in state court of the denial of his license application.
Procedural History
Sometime before February 2002 Rogers applied for a renewal of his license to carry firearms. A background check revealed a criminal conviction, and the Chief of Police (“Chief’), through his designee, denied Rogers’s application in a letter of February 14, 2002 because of a disqualifying conviction reported by the Criminal History Systems Board[2] and because he deemed Rogers not a “suitable person” to hold such a license.[3] Rogers appealed that decision to Plymouth District Court.
Rogers’s complaint against the Chief’s designee, Peter Flynn (“Flynn”), individually and as the licensing authority, included claims of civil-rights violations, mostly under the Massachusetts Declaration of Rights but also invoicing the United States Constitution and the federal civil-rights statute, 42 U.S.C. §1983. Flynn removed the action to the United States District Court for the District of Massachusetts. Flynn then moved to dismiss that action, and on March 31,2003 the federal district court (Zobel, J.), exercising its supplemental jurisdiction, dismissed the entire case. Judge Zobel specifically adjudicated Rogers’s state-law license appeal, finding that the denial of the renewal application was proper. Judge Zobel pointed out, twice, that Rogers had not opposed Flynn’s motion. And Rogers did not appeal the decision to the United States Court of Appeals for the First Circuit.
On June 12, 2003, Rogers applied again to Plymouth police to renew the license. Another background check revealed the same criminal conviction that had surfaced before, and the application was again denied. The denial letter of August 21, 2003 noted that Rogers was deemed not a suitable person and had a disqualifying conviction. Rogers then filed this action in Plymouth District Court against Robert Pomeroy, individually and as Chief, raising the same errors he had raised in the previous case, but omitting his civil-rights claims.[4] The judge denied the Chief’s motion to dismiss, which had been based on claim preclusion flowing from the federal judgment, but upon the Chief’s motion for reconsideration of that denial, the judge reported the issue to this Court.
*178 The Appellate Division Has Jurisdiction To Review The Trial Judge’s Denial Of The Chief’s Motion To Dismiss
As a threshold issue, Rogers suggests this Court lacks jurisdiction to decide the propriety of the judge’s denial of the Chiefs motion to dismiss and, by extension, the judge’s reported question. Recognizing that ordinarily we would not have jurisdiction over a firearms-license appeal, see Zahansky v. Shea, 54 Mass. App. Dec. 51, 54 (1974), we disagree with that assertion in this instance. Rogers points out that M.G.L.c. 140, §131 provides no mechanism for review of a judge’s decision, and asserts that the sole device for review is a civil action in Superior Court “to correct errors in proceedings which are not according to the course of the common law, which proceedings are not otherwise reviewable by motion or appeal....” Godfrey v. Chief of Police of Wellesley, 35 Mass. App. Ct. 42, 46 (1993), quoting M.G.L.c. 249, §4; see also, e.g., Police Comm’r of Boston v. Robinson, 47 Mass. App. Ct. 767, 770-71 (1999). This case, however, did not come to us after a “final decision” under M.G.L.c. 140, §131, but rather came through a judge’s report pursuant to Dist./Mun. Cts. R. A. D. A., Rule 5 regarding the sole issue of the preclusive effect of the federal district court’s dismissal.
Recognizing the rationale of the policy against interlocutory appeals, and acknowledging the particular cogency of that rationale in cases involving judicial review of firearms licenses, see Levine v. Bernstein, 2002 Mass. App. Div. 144, 145, we may, and do, exercise our discretionary powers to decide this interlocutory appeal, which presents a reported question of law, the answer to which is not only material to the resolution of the case, but indeed determines its outcome. See, e.g., M.G.L.c. 231, §110; Levine, supra, at 144; Nixon v. Petrell, 1993 Mass. App. Div. 1, 2.
Further, this Court has jurisdiction over actions required to be brought in District Court. E.g. Third Nat’l Bank of Hampden County v. Continental Ins. Co., 388 Mass. 240, 241 (1983), citing Lubell v. First Nat’l Stores, Inc., 342 Mass. 161, 165-66 (1983); see also Leppo v. Massachusetts Bay Transp. Auth., 1992 Mass. App. Div. 24, 24 n.2. Rogers’s review of the Chief’s denial of his renewal license was such an action, M.G.L.c. 140, §131 (f), and thus we have jurisdiction here.
The Federal District Court Decision Precludes Relitigation In This Action Of The Issue Of The Propriety Of The Chief’s Denial
Rogers argues that the federal-court decision has no issue-preclusive effect because, in essence, that court held no hearing, thus depriving Rogers of his due-process rights, and because it did not engage in “adequate deliberation” of the matter. We disagree, and hold that the federal decision precludes further judicial consideration of the propriety of the Chief’s denial of Rogers’s application.
Analysis of the federal-jurisdiction issue begins by determining whether the federal district court properly exercised its supplemental jurisdiction under 28 U.S.C. §1367[5] over the purely state-law judicial-review claim arising under M.G.L.c. 140, §131. We find it did. Federal supplemental, or pendent, *179 jurisdiction describes the doctrine that, in the interest of avoiding piecemeal litigation, allows a plaintiff who properly invokes federal jurisdiction to join sufficiently-related state claims to his federal claims against the defendant. See Mancuso v. Kinchla, 60 Mass. App. Ct. 558, 565 (2004), citing United Mine Workers of America v. Gibbs, 383 U.S. 715, 724-25 & n.13 (1966). That Rogers, the “plaintiff” or “claimant” here, did not choose the federal forum is of no moment. “Even in a close case (which this is not), ‘it is appropriate for the rules of res judicata to compel the [claimant] to bring forward his state theories in the federal action, in order to make it possible to resolve the entire controversy in a single lawsuit.’” Mancuso, supra, at 566, quoting in part Anderson v. Phoenix Inv. Counsel of Boston, Inc., 387 Mass. 444, 452 (1982). Rogers chose to assert federal civil-rights claims against Flynn, which claims Flynn properly removed to federal district court and over which claims that court unquestionably had jurisdiction. See, e.g, id.; 28 U.S.C. §1331. Those civil-rights claims clearly, and solely, concerned Flynn’s denial of Rogers’s renewal application. Thus Rogers’s state and federal claims “‘derive[d] from a common nucleus of operative fact,”’ City of Chicago v. International College of Surgeons, 522 U.S. 156, 165 (1997), quoting Gibbs, supra, at 725, namely Rogers’s unsuccessful efforts to secure the renewal of his firearms license. ‘This is all the statute requires to establish supplemental jurisdiction.” City of Chicago, supra, at 165. Specifically, a claim for judicial review of an administrative decision brought in state court, as here, may be removed to federal court when the complaint includes federal claims, and the federal court may exercise supplemental jurisdiction over the state-law claim for review of the administrative decision. Id., at 166, 169, 171. Although federal supplemental jurisdiction is a doctrine of discretion, and not of right, id., at 172, and the federal district court could have refused its exercise here, see id., at 173-74; 28 U.S.C. §1367(c), it did not so refuse, and we find that the federal district court properly exercised supplemental jurisdiction over the state-law claim of the review of Rogers’s license-renewal denial.
We go on to examine whether the federal-court judgment on that state-law claim should be given preclusive effect in a state-court action. The federal law of res judicata applies. Mancuso, supra, at 564, citing, inter alia, Anderson, supra, at 449.[6] The generic term “res judicata” encompasses both claim preclusion and issue preclusion. Mancuso, supra, at 564. Under both claim and issue preclusion, further litigation concerning Rogers’s claim is barred.
As to claim preclusion, final judgment on the merits of an action precludes parties from relitigating claims that were raised or could have been raised in that action. E.g., Porn v. National Grange Mut. Ins. Co., 93 F.3d 31, 34 (1st Cir. 1996), cited in Mancuso, supra, at 567. For a claim to be precluded, the following elements must exist: 1) a final judgment on the merits in an earlier suit; 2) sufficient identity between the causes of action asserted in the earlier and later suits; and 3) sufficient identity between the parties in the two suits. E.g., Aunyx *180 Corp. v. Canon U.S.A., Inc., 978 F.2d 3, 6 (1st Cir. 1992), cert. denied, 507 U.S. 973 (1993), cited in Mancuso, supra, at 567. The second and third elements exist here: the review claim is identical, and the parties — Rogers and the licensing authority — are identical. As to whether the federal decision constituted a “final judgment on the merits,” the federal district court expressly found that the denial of Rogers’s (renewal) license was “proper,” and ordered judgment to that effect to enter, which it did, on April 1, 2003. Federal Rule of Civil Procedure 41(b) provides in pertinent part that “[ujnless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than [circumstances not relevant here], operates as an adjudication upon the merits.” See also, e.g, Lebron-Rios v. United States Marshal Serv., 341 F.3d 7, 12 n.7, & 16-17 (1st Cir. 2003). The federal court’s ruling that the denial of Rogers’s license renewal application was proper constituted final judgment on the merits. Further litigation of Rogers’s denial claim is barred by claim preclusion.
As to issue preclusion, “once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case.” Allen v. McCurry, 449 U.S. 92, 94 (1980), cited in Mancuso, supra, at 565. The federal district court determined in order to enter its judgment that the Chief had properly denied the renewal of Rogers’s firearm license because of the Chief’s finding that Rogers was an unsuitable person to hold that license. Thus relitigation of that issue is barred, and we may not explore the possibility that another federal district court — or District Court — might have treated the “unsuitability” issue differently. See, e.g., Dupont v. Chief of Police of Pepperell, 57 Mass. App. Ct. 690 (2003).
The reported question, then, is answered affirmatively: res judicata bars the relitigation in Plymouth District Court of the issue decided in federal district court, that the Chief’s denial of Rogers’s renewal license was proper.
So ordered.

 The question reported was: ‘Whether the doctrine of res judicata, as applicable to the instant case, bars relitigation of issues decided by the March 31, 2003 judgment of the United States District Court, District of Massachusetts (Zobel, J.), in the case docketed as Francis J. Rogers v. Peter Flynn, Civil Action No. 2002-10789RWZ, in which the Federal District Court substantively adjudicated and dismissed the plaintiff’s appeal of a prior licensing decision on identical grounds as those asserted in this case.”

 The nature of the conviction appears nowhere in the record. Rogers would suggest, on the authority of Rzeznik v. Chief of Police of Southampton, 374 Mass. 475 (1978), that the conviction was sealed and so beyond proper consideration for firearms-licensing purposes. See also, e.g., DeLuca v. Chief of Police of Newton, 415 Mass. 155, 158 (1993) (distinguishing records required to be sealed from those not so required); Chief of Police of Shelburne v. Moyer, 16 Mass. App. Ct. 543, 546 (1983). Having decided that the federal district court’s judgment upholding the denial of Rogers’s application is dispositive of the issue of the propriety of that denial, and that that judgment is not subject to the scrutiny of the District Court or of this Court, we need not — as the federal district court did not — analyze that issue.

 The licensing statute provides that the licensing authority, here the Chief or his designee, may renew a license if the applicant is a “suitable person” to hold such a license and is not among several categories of disqualified applicant, including those convicted of certain delineated classes of offenses. M.G.L.c. 140, §131 (d) and (d)(i).

 Although the complaint alleged no civil-rights violations, Rogers still called upon the Chief to admit or deny in a Rule 36 request the language of certain quoted state and federal civil-rights-violation statutes.

 That section, which codifies the long-standing principles of federal pendent and ancillary jurisdiction, see, e.g., City of Chicago v. International College of Surgeons, 522 U.S. 156, 164-65 (1997), provides in pertinent part that “in any civil action of which the [federal] district courts have original jurisdiction, the [federal] district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.”

 Massachusetts law on “res judicata” or claim- and issue-preclusion is similar. Mancuso, which concerns the effect in a state action of federal “res judicata,” cites Hartford v. Hartford, 60 Mass. App. Ct. 446, 450-51 (2004) and Jarosz v. Palmer, 436 Mass. 526, 530-35 (2002) on the elements of issue preclusion. “The doctrine of issue preclusion provides that when an issue has been “actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties whether on the same or different claim.’”” Hartford, supra, at 450, quoting Jarosz, supra, at 530-31; see also, e.g., Day v. Kerkorian, 61 Mass. App. Ct. 804, 808-13 (2004) (issue and claim preclusion).